296 So.2d 625 (1974)
Edward POUNCY and Sam Avery Dawson, Appellants,
v.
The STATE of Florida, Appellee.
No. 73-1212.
District Court of Appeal of Florida, Third District.
May 14, 1974.
Rehearing Denied July 17, 1974.
*626 Charles D. Edelstein, Miami, for appellants.
Robert L. Shevin, Atty. Gen., and Stephen V. Rosin, Asst. Atty. Gen., for appellee.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
The defendant-appellants were arrested on April 7, 1973 and on May 11, 1973 a three count information was filed charging them with (1) possession of lottery tickets, (2) possession of lottery paraphernalia, and (3) aiding and assisting in the operation of a lottery. Counts one and two thereof are misdemeanors and count three is a felony. Defendants were arraigned on May 29, 1973 and pled not guilty. Thereafter they filed a motion to dismiss and to suppress and a motion for discovery. On July 5, 1973 a hearing was held on the motion to suppress which was denied on September 17, 1973, at which time the court set a trial date. On the following day, defendants filed a motion to dismiss pursuant to CrPR 3.191 the misdemeanor counts on the grounds that they were not tried thereon within ninety (90) days from the date of their arrest on April 7, 1973. The motion was denied and the cause proceeded to jury trial, at the conclusion of which the jury found the defendants not guilty of the felony count and guilty of the misdemeanor counts. The trial court fined the defendants $1,000 each and placed them on two years' probation. This appeal ensued.
Appellants first contend that the trial court erred in denying their right to a speedy trial. We find this point well taken.
Where, as in the case sub judice, the state has joined the misdemeanor counts in a single information in which a felony arising out of the same circumstances also is charged, the defendants thereby cannot be deprived of their speedy trial rights on the misdemeanor counts. Sibert v. Hare, Fla.App. 1973, 276 So.2d 523. It affirmatively appears from the record that defendants were continuously available for trial during the 90 day period subsequent to April 7, 1973, the date they were taken into custody as a result of their conduct giving rise to the misdemeanors charged and, therefore, the trial court erred in denying defendants' motion to dismiss the misdemeanor charges pursuant to CrPR 3.191(a)(1).
In opposition to the above point, the state argues that pursuant to CrPR 3.191(d)(2)(iv) the pretrial hearing on defendants' *627 motion to suppress extended the time for trial and thereby tolled the 90 day speedy trial rule.[1] However, although CrPR 3.191(d) gives the trial court the power to extend the time periods established by the rule, an extension thereunder must be by order of court and no such order appears in the record of the instant case.
Accordingly, the judgments of conviction on the misdemeanor counts and the sentences thereon are reversed and the cause remanded to the trial court to discharge defendants on the misdemeanor counts.
Reversed and remanded with directions.
NOTES
[1] Which was the reasoning used by the trial judge as grounds for denial of the motion to dismiss.