322 So.2d 652 (1975)
Eugene Lee FLOURNORY, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1289.
District Court of Appeal of Florida, Second District.
December 5, 1975.
*653 James A. Gardner, Public Defender, Sarasota, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant was charged with possession of heroin. After jury trial he was found guilty and sentenced to serve five years in the state penitentiary with credit for time served pending trial. The facts disclose that appellant was taken into custody for said offense on January 17, 1974. He was arraigned on March 8, 1974; pled not guilty, and the case was set for trial on April 11, 1974. He was released on bail. On the same day, March 8, he was arrested for violation of parole. While the record shows he was afforded a preliminary hearing on the parole violation, his parole was not revoked. Through mistake, he was delivered from the county jail to the state prison. Approximately seven weeks later, the trial court issued a writ of habeas corpus ad prosequendum ordering appellant to be returned for trial on May 20, 1974. On three prior occasions, appellant failed to appear before the court as ordered for the reason that his whereabouts were unknown  he was in state prison  which circumstance was apparently unknown to the prosecutor. The appellant did appear before the court on May 20, 1974, at which time the case was continued upon the request of the attorney of the co-defendant on the grounds of recent employment and his willingness to waive his client's right to speedy trial. At this hearing, the state agreed to the continuance and advised the court that it did not want to try the case twice.
On July 25, 1974, appellant filed his motion for discharge alleging denial of his right of speedy trial under the provisions of RCrP 3.191. After hearing held on August 6, 1974, the day of the trial, the motion for discharge was denied. On the same day, the case pending against the co-defendant was again continued on account of illness. The court ordered appellant to be tried separately on August 15, 1974.
Appellee alleges that appellant waived, through counsel, his speedy trial right at the hearing held on May 20, 1974. The following pertinent colloquy took place at said hearing:
THE COURT: Mr. Reynolds, you haven't said anything about the continuance. Is that all right with you?
MR. REYNOLDS [appellant's counsel]: We are ready for trial depending on the date set.

MR. EPPLEY [assistant state attorney]: Your Honor, I would then set it June 11.
THE COURT: June 11?
MR. EPPLEY: Yes, sir.
THE COURT: Is that satisfactory, Mr. Fussell and Mr. Reynolds?
MR. FUSSELL [co-defendant's counsel]: We will make ourselves available, Your Honor.
MR. REYNOLDS: Yes, sir.
THE COURT: All right. Reset it for June 11... .
(Emphasis added; bracketed material supplied).
*654 Under the provisions of the speedy trial rule, appellant should have been tried on or before July 16, 1974; within 180 days from the date he was taken into custody on January 17, 1974. He was not.
As the above colloquy indicates, appellant's counsel stated on May 20, 1974, that he was ready for trial depending on the date set. The date set by the trial court was June 11, 1974, well within the 180-day period. We mention in passing that if the date set had been after July 16, 1974, outside the speedy trial time, then appellee's argument may have been well taken. See State v. Nelson, Fla.App.2d, 1975, 320 So.2d 835. Additionally, we note from the record that on June 11, 1974, the trial date was continued, without appellant or his counsel being present, to July 15, 1974, still within the speedy trial time. This continuance was at the request of co-defendant's counsel due to illness of his client. On July 15, 1974, the trial court again continued the case to August 6, 1974, due to the continued illness of the co-defendant. At this hearing appellant was represented by counsel; however, the record is silent as to any statements or actions made by appellant's counsel. It appears that appellant was not present. As we have held in the past, a waiver of a fundamental right, i.e., right to speedy trial in this case, cannot be ascertained from a silent record.
We are unable to ascertain from the record that any statements or acts, made subsequent to the May 20, 1974 hearing, either by appellant or his counsel, would constitute a valid waiver of his right to speedy trial.
Lastly, the record fails to demonstrate that the state showed the existence of the exceptional circumstances set out in RCrP 3.191(f), which would justify the trial court in extending the time period within which the appellant was entitled to be tried.
Reversed and remanded with directions to the trial court to enter its order discharging appellant.
McNULTY, C.J., and GRIMES, J., concur.