347 So.2d 813 (1977)
The STATE of Florida Upon the Relation of Leroy SMITH, Petitioner,
v.
John A. RUDD, As Judge of the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, Respondent.
No. FF-327
District Court of Appeal of Florida, First District.
June 30, 1977.
*814 Elise F. Judelle, Judelle & Boge, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen., Michael H. Davidson, Asst. Atty. Gen., for respondent.
MILLS, Judge.
Smith filed a suggestion for writ of prohibition in which he contends that his right to speedy trial has been violated.
On 27 July 1976, Smith was arrested on charges of forging and uttering. On 22 October 1976, a 24 count information was filed charging Smith with two counts of forgery and one count of uttering. Three other co-defendants were charged in the same information. On 1 November 1976, Smith and his co-defendants appeared before the respondent for purposes of arraignment and setting a trial date. One of the co-defendants, Kirkland, stated that he had retained private counsel, but since counsel was not present, Kirkland's arraignment was passed. Since the public defender's office was aware of a conflict in representing co-defendants Allen and Martin, private counsel was appointed to represent Martin. The public defender's office was appointed to represent Smith and Allen. Smith and Allen were arraigned and a trial date of 28 December 1976 was agreed upon.
On 15 November 1976, Kirkland was arraigned. Because his private counsel was again absent, the public defender's office was appointed for the limited purpose of arraignment and setting a trial date. At that point the assistant state's attorney erroneously informed the respondent that trial had already been set for 28 January 1977.
On 30 November 1976, the respondent permitted the public defender to withdraw as Smith's counsel due to a conflict of interest. Private counsel was appointed to represent Smith, and was notified of a trial date of 28 January 1977.
On 25 January 1977, after the 180 day time period for speedy trial had run, Smith filed a motion for discharge pursuant to Fla.R.Crim.P. 3.191. Smith also moved for a continuance until such time as his motion for discharge could be heard, but specifically reserved his rights under the speedy trial rule up to and including 28 January 1977. On 14 February, a hearing was held on his motion to discharge. On 23 February, nunc pro tunc to 14 February, Smith's motion for discharge was denied, and on 29 March, an amended order was filed due to factual errors in the order of 23 February. On 6 April 1977, this suggestion for writ of prohibition was filed.
Smith contends that he did not waive his right to a speedy trial and that respondent *815 had no authority to extend the applicable time period due to exceptional circumstances after the 180 day speedy trial period had already run. We agree.
In the amended order the respondent found that the totality of the circumstances in the case constituted exceptional circumstances as set forth in Fla.R.Crim.P. 3.191(f) and denied Smith's motion for discharge. Fla.R.Crim.P. 3.191(d)(2) states:
"The periods of time established by this Rule for trial may at any time be waived or extended by order of the court . . (ii) on the court's own motion or motion by either party in exceptional circumstances as hereinafter defined, ..."
Fla.R.Crim.P. 3.191(f) states:
"As permitted by this Rule, the court may order an extension of time or continuance where exceptional circumstances are shown to exist; ...
"Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court... ."
However, Fla.R.Crim.P. 3.191(d)(3) makes it clear that any order extending the speedy trial period due to exceptional circumstances must be issued before the speedy trial period has run and motion for discharge filed. Rule 3.191(d)(3) states:
"If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that (i) a time extension has been ordered as provided in § (d)(2), or (ii) the failure to hold trial is due to the unexcused actions or unexcused decisions of the accused, or of a co-defendant in the same trial. If a continuance or delay is attributable to the accused and is not excused, the pending motion for discharge shall on motion by the State be voidable by the court in the interest of justice; ..." (underlining supplied)
When Smith filed his motion for discharge no time extension had been ordered by the respondent as provided in § (d)(2). Therefore the motion for discharge should have been granted unless the failure to hold trial was due to unexcused behavior on the part of Smith or a co-defendant. The facts in this case clearly show that the failure to hold trial within the 180 day time period was not due to the actions of Smith or of a co-defendant. Smith was not brought to trial within 180 days because the assistant state's attorney erroneously informed the respondent at Kirkland's arraignment that a trial date had been set for 28 January 1977 rather than the correct date of 28 December 1976. It was this action by the State which caused the delay in bringing Smith to trial.
The writ of prohibition is made absolute and the respondent is prohibited from taking further action against Smith in the above-styled cause.
RAWLS, Acting C.J., and McCORD, J., concur.