374 So.2d 559 (1979)
In the Interest of J.R.S., a Child, Petitioner,
v.
Hon. Alcee L. HASTINGS, Circuit Court Judge, Seventeenth Judicial Circuit, Respondent.
In the Interest of M.A.S., a Child, Petitioner,
v.
Hon. Alcee L. Hastings, Circuit Court Judge, Seventeenth Judicial Circuit, Respondent.
Nos. 79-1005, 79-1006.
District Court of Appeal of Florida, Fourth District.
August 1, 1979.
*560 Alan H. Schreiber, Public Defender, and Steven Michaelson, Asst. Public Defender, Fort Lauderdale, for petitioners.
Jim Smith, Atty. Gen., Tallahassee, and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for respondents.
BERANEK, Judge.
These consolidated petitions for writ of prohibition involve application of the juvenile speedy trial rule contained in Rule 8.180 of the Rules of Juvenile Procedure. Both defendants were arrested and taken into custody on January 25, 1979, on charges which would be felonies if defendants had been adults. Both defendants pled not guilty and their trial was scheduled for April 25, 1979. This trial date was within the ninety day time period required in Rule of Juvenile Procedure 8.180(a). On the day of trial the court continued the cases due to heavy rain in the area. The continuance was simply an oral unreported order. Neither the State nor the defendants moved for a continuance and no order was sought or entered regarding extension of the time for speedy trial under Rule of Juvenile Procedure 8.180(c).
After more than ninety days had elapsed from the date of the arrest, both defendants filed motions for discharge asserting they had not been tried within the ninety day period provided in the rule. The court denied both motions.
The question presented is simply whether an oral continuance on the court's own motion serves to extend the time for speedy trial. Under the circumstances of this case, we conclude that it does not. Here, the cases were set for trial on the ninetieth day after arrest. When they were continued on the court's own initiative, there was no action whatsoever taken regarding the requirements of the Speedy Trial Rule. Rule 8.180 of the Rules of Juvenile Procedure allows the court to extend the period of time in which a juvenile may be tried, "on motion of any party, after hearing, on a finding that the interest of justice will be served by such extension." The rule further provides that the order must recite the reasons for the extension. Here there was no order actually entered and there was certainly no finding that the interests of justice were served. Such an order might have been sought under the circumstances. We do not determine that heavy rain could not be a proper cause for continuation of a trial, nor do we comment upon whether it would be in the interest of justice to continue a juvenile case under such circumstances. Here, no such order was entered and neither side asked the court to extend speedy trial time. The juvenile rule contains no outer limit on how long speedy trial time may be extended and we do not believe that a mere order of continuance by the trial court constitutes an indefinite open-ended extension of speedy trial time.
The writs of prohibition sought in these consolidated cases are granted and the matter remanded to the trial court with instructions to discharge the defendants.
LETTS and MOORE, JJ., concur.