389 So.2d 649 (1980)
In the Interest of P.L.H., a Child, Petitioner,
v.
The Honorable Jackson O. BROWNLEE, Circuit Court Judge, Fifth Judicial Circuit, Respondent.
No. 80-373.
District Court of Appeal of Florida, Fifth District.
May 21, 1980.
Rehearing Denied June 30, 1980.
*650 Robert Q. Williams of Cauthen, Robuck, Cyrus & Hennings, Tavares, for petitioner.
No appearance for respondent.
COBB, Judge.
The minor petitioner, P.L.H., seeks to prohibit the trial court from proceeding with a final adjudicatory hearing, contending (1) his right to discharge under the speedy trial rule and (2) that the cause should have been dismissed because the petition was not timely filed.
On September 18, 1979, complaints of burglary and grand theft were filed against the petitioner with the Division of Youth Services intake officer. On October 30, 1979, a petition was filed charging him with those offenses. On November 3, 1979, a summons was sent to the mother of P.L.H. by certified mail. It was returned undelivered. On November 15, 1979, a capias for P.L.H. was issued, but apparently never served. On March 5, 1980, P.L.H. voluntarily appeared in court with his mother and was appointed counsel. A motion was filed on March 12, 1980, to dismiss pursuant to Rule 8.110(e) and a motion to discharge pursuant to Rule 8.180, Florida Rules of Juvenile Procedure, the latter being the juvenile speedy trial rule.
In the motion to dismiss, the petitioner contended that since the petition was not filed within 30 days of the date the complaint was referred to the intake officer as required by Rule 8.110(e), he was entitled to dismissal of the petition. Petitioner concedes that the rule and Section 39.05 sub-section (6), Florida Statutes (1979), which provides for a 45-day period, are in conflict. The trial court, noting the conflict, held that the statute was substantive and therefore prevailed over a procedural rule, relying on In the Interest of S.R. v. State, 346 So.2d 1018 (Fla. 1977), and State v. Garcia, 229 So.2d 236 (Fla. 1969). Since the petition was filed on the 42nd day after the complaint, the motion to dismiss was denied. At the time S.R. v. State, supra, was decided, both the statute and the rule provided for a maximum 30-day period between the complaint and petition, but the language in the statute was mandatory in regard to dismissal whereas the language of the rule was permissive. The Florida Supreme Court held that the statute provided the juvenile a substantive right and substantive statutes supersede procedural rules. Therefore, the statute prevailed and dismissal was mandatory.
While it is true that the right to mandatory dismissal of a juvenile petition filed beyond the statutory time limit is a substantive right, it is also true that the Florida Supreme Court, in promulgating the rule requiring that the petition be filed within 30 days, is prescribing a procedural implementation of a constitutional right. The Legislature, by statute, could shorten this time but cannot lengthen it. See State, Dept. of Health and Rehab. Serv., Div. of Youth Serv. v. Golden, 350 So.2d 344 (Fla. 1977). Therefore, the trial court erred in its denial of the motion to dismiss based upon Rule 8.110(e), Florida Rules of Juvenile Procedure.
Although our determination in regard to the motion to dismiss is dispositive of this petition, we believe the dilemma presented to the trial court by the speedy trial rule in a juvenile proceeding wherein service is not effectuated upon the child within 90 days of *651 the complaint warrants discussion and clarification.
Rule 8.180 provides that an adjudicatory hearing without demand must be held within ninety days of the earliest of three enumerated dates, one of which is the date the complaint is filed with the intake officer. Although sub-section (c) of the rule provides for an extension after hearing, none was specifically ordered by the trial court in this case and it is clear that ninety days from the date of filing of the complaint expired on December 17, 1979. Sub-section (b) of the rule provides that dismissal of the petition with prejudice is mandated if the adjudicatory hearing is not begun within ninety days "or an extension thereof."
On the other hand, section 39.06(7), Florida Statutes (1979), provides:
The jurisdiction of the court shall attach to the child and the case when the summons is served upon the child, a parent, or legal or actual custodian of the child or when the child is taken into custody with or without service of summons and before or after filing of a petition, whichever first occurs, and thereafter the court may control the child and case in accordance with this chapter. (emphasis added)
Rule 8.180 and § 39.05(7), Florida Statutes,[1] read literally, provide that the speedy trial time is incepted, and may expire, without acquisition of jurisdiction of the case or the defendant by the trial court pursuant to Section 39.06(7), Florida Statutes.
The trial judge, faced with this paradox, simply denied the motion for discharge, observing as follows:
The Court further finds that it did not have jurisdiction of the Child until March 5, 1980, at such time as the Child appeared in Court with his mother. Although a strict reading of F.S. 39.05(7)(a) would require dismissal of the Petition with prejudice, the Court is of the opinion that Speedy Trial cannot expire before the Court has jurisdiction of the Child as provided in F.S. 39.06(7).
We believe the only reasonable reconciliation between the jurisdictional statute and the juvenile speedy trial rule is an interpretation that no extension hearing, as provided for by sub-section (c) of the rule, can be held by a court which has no jurisdiction of the case. Therefore, the court must have a reasonable time after jurisdiction attaches within which to consider an extension of the ninety day period even if the extension hearing is subsequent in point of time to ninety days after filing of the complaint or the petition. At that hearing, the court may find that the interest of justice will be served by extending the ninety day period for holding the adjudicatory hearing and reciting the reasons for such extension. Since the rule is silent as to when the extension hearing must be held, we interpret the time therefor as being prior to hearing a motion for discharge or the expiration of ninety days from the date the court acquires jurisdiction of the cause pursuant to section 39.06(7), Florida Statutes, whichever first occurs. Although the trial court's action at the hearing of March 31, 1980, in denying the motion for discharge, may imply that an extension was justified, there was no motion for extension, hearing thereon, or factual finding reciting the reasons for extension as required. See Fla.R.Juv.P. 8.180(c); Stuart v. State, 360 So.2d 406 (Fla. 1978); and J.R.S. v. Hastings, 374 So.2d 559 (Fla. 4th DCA 1979).
Accordingly, the petition for writ of prohibition is granted, and this cause is remanded to the trial court with directions to dismiss the petition with prejudice and discharge the petitioner from custody.
FRANK D. UPCHURCH, Jr., J., concurs.
ORFINGER, J., concurs in result.
NOTES
[1] Since the speedy trial rule is procedural, rather than substantive, the rule supersedes the statute, although they are not in conflict. State ex rel. Maines v. Baker, 254 So.2d 207 (Fla. 1971).