389 So.2d 706 (1980)
Allan Jay MELLMAN, Petitioner,
v.
Honorable John A. RUDD, Judge, Second Judicial Circuit and Harry Morrison, State Attorney, Second Judicial Circuit in and for Leon County, Florida, Respondents.
No. WW-22.
District Court of Appeal of Florida, First District.
October 30, 1980.
Rehearing Denied November 17, 1980.
*708 J. Leonard Fleet and Richard E. Brown, Hollywood, for petitioner.
Jim Smith, Atty. Gen., David P. Gauldin, Asst. Atty. Gen., for respondents.
ERVIN, Judge.
Mellman filed in this court a suggestion for writ of prohibition, contending his right to speedy trial was violated by the state's failure to try him within 180 days following his arrest. We issued a show cause order, and, having considered respondents' reply, now issue the writ prohibiting them from proceeding to trial.
Petitioner was arrested for conspiracy to possess and to sell more than 10,000 pounds of cannabis. On the day following his arrest, he executed a contract with the state in which the parties agreed he would receive transactional immunity provided, among other things, he give all information requested for the purpose of aiding the investigation and detail his involvement with all persons connected with the offenses. Subsequently, upon determining that petitioner had breached the terms of the agreement, the state filed an information against him charging him with the crimes for which he had been arrested and for which it had contracted to grant him immunity. Once 180 days had expired from the date of his arrest without trial, petitioner moved for discharge. The motion was denied, the court holding that the contract of immunity created a disability for speedy trial purposes, that such time was tolled without motion by either party for the duration of the contract and that trial time would again run from the state's discovery of the breach.
Florida Rule Criminal Procedure 3.191(d)(2) enumerates the exceptions to the rule permitting an extension of trial time. Those exceptions are narrowly confined to the grounds provided under (d)(2) since it provides "any other delay shall be unexcused." Additionally, the subsection prescribes two means by which an extension is accomplished-by waiver and by order. If the delay is attributable to an exceptional circumstance, as provided by (d)(2)(ii), the time for trial may be extended only by order entered before the expiration of such time. State ex rel. Smith v. Rudd, 347 So.2d 813 (Fla. 1st DCA 1977). A contract of immunity would not appear to fall within any category of exceptional circumstances delineated in 3.191(f)-although on at least two occasions, the courts have found exceptional circumstances other than those provided in subsection (f). See State v. Felton, 348 So.2d 1214 (Fla. 4th DCA 1977); State ex rel. Canup v. Langston, 341 So.2d 1069 (Fla. 2d DCA 1977). Even if we were to hold the execution of such a contract is an exceptional circumstance, subsection (d)(2)(ii) may not be relied upon to justify an extension of trial time because the state failed to move for an order extending the time before it had expired.
Nor may the state rely upon 3.191(d)(2)(iii) to vindicate its failure to seek a stay tolling the time. That provision is for the benefit of the accused "upon good cause shown" and clearly does not apply to a contract of immunity.
The lower court found that a contract of immunity creates a disability for speedy trial purposes and, similar to a disability caused by a commitment for psychiatric evaluation, no order extending trial is required. Those disabilities described in subsection (d)(2)(iv) apply to proceedings. The execution of a contract for immunity is not a proceeding. Additionally, it is questionable whether the conditions described under (d)(2)(iv) permit an extension without an order. For example, an interlocutory appeal filed by the state does not automatically arrest the running of trial time. It is necessary that an order be entered. See State v. Williams, 350 So.2d 81, 82-83 (Fla. 1977); State v. Villavicencio, 381 So.2d 256 (Fla. 4th DCA 1980). Here, because no *709 order was entered and no proceeding held, that subsection similarly provides no authority to extend the time for trial.
The only possible provision which could conceivably apply to the facts before us is a stipulation signed "by the party against whom the stipulation is sought to be enforced, ... ." Fla.R.Crim.P. 3.191(d)(2)(i). Yet (d)(2)(i) is also inapplicable since the contract of immunity did not explicitly state that the rule's speedy trial limits would be enlarged during the contract's duration. A defendant's right to a speedy trial is fundamental. Flournory v. State, 322 So.2d 652 (Fla. 2 DCA 1975). It cannot be waived on a silent record. Id. For example, the silence of a defendant or his counsel at a proceeding where a trial date is set beyond a speedy trial period is not waiver. State v. Ansley, 349 So.2d 837 (Fla. 1st DCA 1977). Moreover, the only stipulation that need be in writing or otherwise incorporated in the record in order to have binding effect on the parties is one which waives speedy trial. Codie v. State, 313 So.2d 754, 756 (Fla. 1975).
The necessity for an explicit waiver of speedy trial time is well illustrated by Johns v. State, 340 So.2d 528 (Fla. 2d DCA 1976), which held that the defendants' stipulation waiving their right to speedy trial "until such time as their eligibility for pre-trial intervention (PTI) has been determined ..." had the effect only of tolling that portion of the trial time which had elapsed from the date of the agreement until the time the state determined the defendants' eligibility for the program. Once the state exercised its discretion to grant or deny participation, the "meter then took up where it left off." 340 So.2d at 529. Thus, a stipulation is not "tantamount to a waiver altogether unless specifically denominated as such." Id. By analogy, Section 944.025(2), Florida Statutes (1979), provides as a precondition to a defendant's eligibility for a pretrial intervention program that he "knowingly and intelligently waive his right to speedy trial for the period of his diversion."
In the absence of an express waiver or an order extending the time for trial, the state's right to try the petitioner for offenses for which he was immunized is measured strictly by the time limitations of Rule 3.191. That time having expired, the writ is made absolute and respondents are prohibited from taking any further action in this cause.
SHAW, J., concurs.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting:
The trial court correctly held that the speedy trial rule was tolled while the agreement for immunity was in effect and that, after the defendant breached the agreement, he could be tried.[1] The case of Davis *710 v. State, 383 So.2d 620, (Fla. 3d DCA), supports the well-reasoned decision below. I would discharge the writ.
NOTES
[1] Trial court's order of May 28, 1980, in pertinent part:

The contract, in effect, set forth the following: that the State would confer transactional immunity upon the defendant in exchange for his complete cooperation in the continued prosecution of the remaining co-defendants... .
Mr. Mellman, however, chose not to abide by the conditions of this contract. Believing himself to be immune, Mr. Mellman attempted to turn the tables on the State, and to the advantage of his co-defendants. His offer to "sell" his testimony to these co-defendants not only destroyed the good faith foundation of the contract, but also vitiated any consideration supplied to the contract by Mr. Mellman as his credibility as a prosecution witness was thereby impeached, and his usefulness to the State nullified.
Trial court's order of June 12, 1980, in pertinent part:
[W]here special "disabilities" have set in, e.g. where a defendant is committed for psychiatric evaluation or where a plea bargaining agreement is present [there may be tolling of Rule]. The logic behind this appears to be that it is not equitable to force either side to trial during the course of this disability, as these disabilities usually arise by mutual agreement or by order of court, and the adversary nature of the proceeding has been tolled during this period. The purposes of speedy trial are well served by this rule as the defendant is neither forced to languish in jail nor exposed to an unnecessarily dilatory administration of justice.
.....
This Court finds that a contract of immunity creates a disability for speedy trial purposes, i.e. that speedy trial will be tolled without motion of either party for the duration of the contract. This tolling is necessary to prevent a defendant from signing the contract, waiting 180 days, renouncing the agreement, and then claiming the protection of speedy trial.
.....
In the case, sub judice, speedy trial was tolled until the time the prosecution learned of Mr. Mellman's breach of the contract and will be held to run starting from that date. Accordingly, the 180 days contemplated by FRCr.P. 3.191 has not yet lapsed and Defendant's Motion for Discharge is DENIED.