JOANOS, Judge.
Appellant, Gregory Swisher, appeals from the lower court’s denial of his motion for discharge under Florida Rule of Criminal Procedure 3.191. Appellant asserts that because the court failed to hold trial within the 180-day time limit set for persons charged with a felony, he was denied his right to a speedy trial. After reviewing the record, we find that the trial judge was correct in denying the motion for discharge.
Appellant was arrested on November 12, 1978, appointed a public defender on the next day and charged with a felony several days later. A 180-day time period begun from the date of arrest would have run out on May 9, 1979.
The trial initially was set for February 21, 1979, but was rescheduled for March 27 when appellant’s public defender withdrew and another attorney was appointed. On March 6, less than one month before trial, appellant filed notice to plead not guilty by reason of insanity and moved the court to appoint a psychiatrist. At the hearing on that motion, appellant’s attorney agreed to the appointment of two Gainesville psychiatrists recommended by the State, but he also requested the appointment of a Jacksonville psychiatrist who was presently available to see the appellant either in addition to the other two psychiatrists or in lieu of them. The trial judge responded that he would appoint only the two Gainesville psychiatrists primarily because of the additional expense that would result if appellant had to be examined in different cities. The State then suggested that the 180-day time limit should be tolled if any delay resulted from psychiatric examination. Appellant argued in opposition to that position asserting that he had requested his first attorney to file notice of the defense of insanity at an earlier time. Since neither side would move for a continuance, however, the court did not rule on the State’s suggestion.
On March 27, the day set for trial, appellant moved for a continuance on the ground that the earliest available appointment with the psychiatrists was April 9. The court granted the motion and ordered that the trial be reset on not less than 15 days notice. On May 16, 1979, the State filed a notice setting trial for June 20, 1979. Appellant then moved for a discharge alleging that the State had not complied with the time limitation set by Rule 3.191(a)(1), which, according to appellant, required trial to have commenced by May 8, 1979.
The court denied appellant’s motion basing its decision on the circumstance that as of June 18, 1979, one of the psychiatrists had not yet filed his evaluation. According to the trial court, this was an exceptional circumstance under Rule 3.191(f). The court then granted appellant’s oral motion to continue the trial without prejudice to his right to appeal. Appellant plead nolo contendere to the charges against him on July 9, 1979, but he reserved his right to appeal the speedy trial question.
Citing State ex rel. Smith v. Rudd, 347 So.2d 813 (Fla. 1st DCA 1977), appellant has argued that any order extending the speedy trial period due to exceptional circumstances must be issued before the speedy trial period has run and the motion for discharge is filed. The State, on the other hand, has contended that appellant automatically waived the 180-day time limitation either when he moved for and was granted a psychiatric evaluation or when he moved for and was granted a continuance.
State ex rel. Smith, supra, does stand for the proposition that exceptional circumstances will not justify the extension of the speedy trial period after that period has already expired and a motion for discharge has been filed. That principle, however, is not controlling in this situation.
We find that appellant’s late filing of his insanity defense notice combined with his subsequent motion for a continuance constituted a waiver of the specific time limits *1238 provided for in Rule 3.191(a)(1). Appellant did not move for appointment of a psychiatrist until three weeks before the date of trial. When the psychiatrists were appointed, the judge recognized that a continuance might be necessary to allow for evaluations but neither side was willing to move for a continuance. The judge’s concerns were validated when on the date set for trial, appellant moved for a continuance because psychiatric examinations could not be scheduled until a later date.
In essence, appellant suggests that his late request for psychiatric evaluation should be excused because of the problems between him and his first appointed counsel and should have been accommodated by allowing a continuance, yet his right to demand a trial within the inflexible time periods of Rule 3.191(a) should not have been forfeited. We do not agree. When appellant moved for and was granted a continuance, the 180-day time limit was waived to the extent necessary to allow a reasonable time for completion of the psychiatric evaluations. See Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971). See also Chester v. State, 298 So.2d 529 (Fla. 3d DCA 1974). Under the circumstances of this case, the delay resulting from the examinations by the court-appointed psychiatrists was not unreasonable. The trial was reset for June 20, 1979, which was within 106 days of appellant’s motion for appointment of a psychiatrist and within 72 days of the initial examinations.
AFFIRMED.
WENTWORTH, J., and WOÓDIE A. LILES (Ret.), Associate Judge, concur.