398 So.2d 1012 (1981)
Kenneth Wayne DURRANCE, Petitioner,
v.
John A. RUDD, Sr., Circuit Court Judge, Second Judicial Circuit, Respondent.
No. YY-22.
District Court of Appeal of Florida, First District.
May 21, 1981.
*1013 Gene S. Taylor, Asst. Public Defender, for petitioner.
David P. Gauldin, Asst. Atty. Gen., for respondent.
PER CURIAM.
Petitioner requests this Court to issue a writ of prohibition preventing petitioner's further prosecution based on the expiration of the speedy trial time limit imposed by Rule 3.191, Fla.R.Crim.P. Upon consideration of the petition, the State's response to our order to show cause issued pursuant to Rule 9.100(f), Florida Rules of Appellate Procedure, and petitioner's reply, we find that petitioner is entitled to the relief sought.
Petitioner was arrested January 15, 1980. An information charging him with armed robbery and aggravated battery was filed January 17. One month later, February 26, a jury trial commenced on the charges. The following day, after several hours deliberation, the jury announced it was hopelessly deadlocked and a mistrial was declared. The case was set for retrial for April 22, 1980. The day before the second trial was to be held, the State Attorney's office requested the trial judge to delay the trial two days, to April 24, 1980, due to the illness of the prosecutor handling the case. On April 24, the State announced it still was not prepared to proceed and requested a continuance. Over defense counsel's objection, a continuance was granted and the trial was reset for June 24, 1980. There had been no written motion to continue nor did the court issue a written order directed specifically at the issue of continuance. However, on April 25, 1980, the trial judge signed an order setting a bond for petitioner based on the fact that the state had been granted a continuance stating in part:
This court having granted the State's motion for continuance, and the court finding that continuance should not be charged to the defendant, and the court further finding that no bond had previously been set in this case, it is hereby ordered and adjudged that bond in the above-styled case is hereby set in the amount of five thousand and no/100 dollars ($5,000.00). (Emphasis supplied)
On May 30, 1980, petitioner filed a motion for discharge because more than 90 days had passed since the date of the declaration of the mistrial on February 27, 1980. Petitioner asserted that to try petitioner more than 90 days following a mistrial was contrary to Rule 3.191(g), Florida Rules of Criminal Procedure, and would be a violation of petitioner's right to a speedy trial.
Following a hearing at which no testimony was presented (the State stipulated to the correctness of the facts contained in the *1014 motion to discharge), the trial judge entered an order denying petitioner's motion. This order stated in relevant part:
2. The 90 day period from the date of a declaration of a mistrial is intended to prevent a lengthy incarceration of the defendant and does not negate the 180 day rule. Further, the defendant has not shown any prejudicial effect upon the preparation of his defense.
3. On further consideration, this court having found the prosecutor's illness was an "exceptional circumstance" under the rule, the applicable time period becomes one of a "reasonable time" rather than a "tolling" of the speedy time period, and the June 24, 1980, trial date is within a "reasonable time."
It is based on the above facts that petitioner asserts he is entitled to discharge as a matter of law.[1]

I. Mistrial
The first issue we examine concerns whether the 90-day speedy trial limit applicable in the event of a mistrial as set forth in Rule 3.191(g), Fla.R.Crim.P., acts independently of the general 180-day speedy trial limit provided by Rule 3.191(a), Fla.R. Crim.P.
Rule 3.191(g) reads as follows:
Effect of Mistrial: Appeal: Order of New Trial. A person who is to be tried again or whose trial has been delayed by an appeal by the state or the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other ruling court which makes possible a new trial for the defendant, whichever is last in time. (Emphasis supplied).
Read alone, this clearly implies that a defendant must be brought to trial within 90 days following a mistrial. This implication is reinforced by the introductory phrase contained in Rule 3.191(a)(1), Fla.R.App.P.:
Speedy Trial Without Demand. Except as otherwise provided by this Rule ... every person charged with a crime by indictment or information shall without demand be brought to trial ... within 180 days if the crime charged be a felony, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime... . (Emphasis supplied)
The emphasized language explicitly indicates that subsequent subsections of the speedy trial rule act to impose independent periods for various circumstances under which a defendant may be tried.
In State v. Jenkins, 389 So.2d 971 (Fla. 1980), the Florida Supreme Court refers to Rule 3.191(g) in the course of its opinion:
First and foremost, it should be understood that any appeal by a defendant terminates the mandatory speedy-trial period set forth in Rule of Criminal Procedure 3.191(a)(1) without the necessity of any action by the state to terminate or extend the speedy-trial period.
When a defendant takes an interlocutory appeal, a remand trial requires only that the state try the defendant within a reasonable *1015 time in accordance with constitutional standards.

The situation changes, however, when a defendant is to be retried as a result of a mistrial or the granting of a new trial by either trial court or appellate court action. In these instances, the provisions of the existing Rule of Criminal Procedure 3.191(g) are applicable and require the state to try the defendant within 90 days from the date of the appropriate court order. This is consistent with the new rule 3.191 effective January 1, 1981. (Emphasis supplied)
Id. at 975. Finally, we note Judge R. Smith's language concerning this rule in his dissent (on other grounds) in State v. Weed, 373 So.2d 42 (Fla. 1st DCA 1979), wherein he stated:
Rule 3.191(g) prescribes a 90-day period for retrial, rather than a full 180 days, in part because it is assumed that preparation will be less taxing when the accused is "tried again" on the same charges than when he is initially confronted with a charge yet untried.
In view of the foregoing, we must conclude that, absent exceptional circumstances, a defendant must be brought to trial within 90 days of a mistrial, and that after a mistrial the 180-day limit of Rule 3.191(a) no longer applies.
The defendant was not brought to trial within the 90-day time period following his mistrial; therefore he should have been subjected to no further prosecution unless the state or trial court had properly acted to extend the speedy-trial period.

II. Continuance
The record reveals and the State does not contest that the only written order entered by the trial court prior to petitioner's motion for discharge granted petitioner's request for bond, stating in part: "This court having granted the State's motion for continuance, and the court finding that said continuance should not be charged to the defendant ... [bond is granted]... ." The question we now must answer is whether the defendant is entitled to be free from further prosecution because the trial judge failed to enter an order extending the speedy-trial time for exceptional circumstances prior to defendant's motion for discharge. Petitioner relies upon this court's decision in State v. Rudd, 347 So.2d 813, 815 (Fla. 1st DCA 1977), wherein we stated:
Fla.R.Crim.P. 3.191(d)(3) makes it clear that any order extending the speedy-trial period due to exceptional circumstances must be issued before the speedy-trial period has run and motion for discharge filed.
The State counters with this court's ruling in State ex rel. Lee v. Harper, 372 So.2d 1012 (Fla. 1st DCA 1979), indicating that a prosecutor's illness constitutes an exceptional circumstance contemplated by the rule, and contends that though the trial court did not render a written order finding such a circumstance, there is no requirement in Florida that a written order be entered.
Having considered the recent decisions of this and other Florida courts, we conclude that a court cannot retroactively hold its earlier continuance was for "exceptional circumstances" after the speedy trial time has run to avoid the speedy trial limits.
When examining the speedy trial limits in the context of a contract of immunity, this court stated in Mellman v. Rudd, 389 So.2d 706 (Fla. 1st DCA 1980):
Florida Rule of Criminal Procedure 3.191(d)(2) enumerates the exceptions to the rule permitting an extension of trial time. Those exceptions are narrowly confined to the grounds provided under (d)(2) since it provides "any other delay shall be unexcused." Additionally, subsection (d) provides two means by which an extension is accomplished  by waiver and by order. If the delay is attributable to an exceptional circumstance, as provided by (d)(2)(ii), the time for trial may be extended only by order entered before the expiration of such time. State ex rel. Smith v. Rudd, 347 So.2d 813 (Fla. 1st DCA 1977). A contract of immunity would not appear to fall within any category of exceptional circumstances delineated in 3.191(f)  although on at least two occasions, the courts have found exceptional *1016 circumstances other than those provided in subsection (f). [citations omitted] Even if we were to hold the execution of such a contract is an exceptional circumstance, subsection (d)(2)(ii) may not be relied upon to justify an extension of trial time because the state failed to move for an order extending the time before it had expired. (Emphasis supplied)
Id. at 708. Similarly, the Third District Court, in Muller v. State, 387 So.2d 1037 (Fla. 3rd DCA 1980), stated:
In the absence of an order of extension entered by the trial court during the speedy trial period, we will not find that the time was extended, no matter how compelling or exceptional the circumstances may appear. State v. Barnett, 366 So.2d 411 (Fla. 1978); Stuart v. State, 360 So.2d 406 (Fla. 1978); State ex rel. Lee v. Harper, 372 So.2d 1012 (Fla. 1st DCA 1979); Mullin v. State, 307 So.2d 829 (Fla. 3rd DCA 1974); Pouncy v. State, 296 So.2d 625 (Fla. 3rd DCA 1974). (Emphasis supplied)
Id. at 1039.
Simply stated, we conclude that a continuance alone does not toll the speedy-trial time.[2] What is required is an order entered before the time limit expires, specifically extending or tolling the speedy-trial requirements. Accordingly, the petition for writ of prohibition is granted, and it is ordered that petitioner be discharged in Case No. 80-63.
MILLS, C.J., and LARRY G. SMITH, J., concur.
BOOTH, J., dissents.
NOTES
[1] Not entirely relevant to the instant appeal, subsequent events in the trial court prior to petitioner's seeking the instant writ were as follows: On June 24, 1980, the state announced it was not prepared to proceed to trial because of the unexplained absence of the alleged victim in the case. A continuance was granted over defense counsel's objections, said continuance again never reduced to a written order. The trial was reset for August 19, 1980. A second motion to discharge was filed by petitioner alleging not only that the 90 days had passed but now more than 180 days had passed since the date of his arrest. It was denied. On August 21, 1980, the matter proceeded to trial again and again the jury after hours of deliberation announced that it was hopelessly deadlocked. A second mistrial was declared. In September, 1980, petitioner filed a motion for continuance with the trial court in order for him to pursue the petition for writ of prohibition. This motion was granted and a trial was reset for October 30, 1980. We stayed the trial pending our resolution of this cause.
[2] Our conclusion is further supported by the Florida Supreme Court's language in Stuart v. State, 360 So.2d 406 (Fla. 1978):

Subsection (d)(2) of the rule provides for the period to be extended by order and sets out the method by which this can be done. It can be either on the court's motion or on motion of either party, in exceptional circumstances.
* * * * * *
Even if an exceptional circumstance as defined by the rule were shown however, an extension might not be justified. The delay in this proceeding and the numerous continuances were not the fault of petitioner. It has been held that where an exceptional circumstance or complexities involved in the preparation of a case for trial were occasioned by delay on the part of the State, they will not be deemed to justify a delay of the trial and an extension of the rule. [citations omitted] Because such an extension for exceptional circumstances must be by order of the court, Florida Rule of Criminal Procedure 3.191(d)(2) and will not be automatic or presumed from the circumstances, State v. Cannon, 332 So.2d 127 (Fla. 4th DCA 1976); Mullin v. State, 307 So.2d 829 (Fla. 3rd DCA 1974), cert. denied, 317 So.2d 761 (Fla. 1975); Pouncy v. State, 296 So.2d 625 (Fla. 3rd DCA 1974); Esperti v. State, 276 So.2d 58 (Fla. 2nd DCA 1973), cert. denied, 285 So.2d 614 (Fla. 1973), the question of whether the circumstances were such as would justify an extension of the rule time is a moot point. As there was no order of the court, there cannot have been an extension of the speedy trial rule time period. (Emphasis supplied).