407 So.2d 262 (1981)
M.M., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-2158.
District Court of Appeal of Florida, Third District.
December 8, 1981.
Bennett H. Brummer, Public Defender and Jay M. Levy, Sp. Asst. Public Defender, for appellant.
*263 Jim Smith, Atty. Gen. and Theda R. James, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and SCHWARTZ and JORGENSON, JJ.
JORGENSON, Judge.
M.M. appeals his adjudication of delinquency and alleges, as grounds therefor, violation of his speedy trial rights under Fla.R.Juv.P. 8.180(c). We find merit in his contention and reverse.
On August 6, 1981, two days prior to the running of the 90-day speedy trial period, a continuance was granted until August 27, 1980. The trial court entered its order reflecting the continuance on August 18, 1980 (eight days after the expiration of the 90-day speedy trial period). That order did not extend the speedy trial period pursuant to the same Fla.R.Juv.P. 8.180(c), but merely reflected the continuance.
There can be no extension of the speedy trial period without the entry of an order of extension. J.R.S. v. Hastings, 374 So.2d 559 (Fla. 4th DCA 1979). An oral continuance does not extend the speedy trial time absent a finding that the interests of justice will be served by such an extension. C.S. v. State, 390 So.2d 457 (Fla. 3d DCA 1980). The state's reliance on State v. Kelley, 322 So.2d 581 (1st DCA 1975), is misplaced. In that case the defendant acquiesced in the continuance which was charged to both defendants. In the case sub judice, M.M. never acquiesced to an extension of his speedy trial rights. The court did not take the necessary action required by Fla.R.Juv.P. 8.180(c), specifically extending the speedy trial time, or make the necessary findings which are also required.
The state's alternative argument, that the defect was cured by the entry of a written order[1] eight days after the expiration of the speedy trial period, is equally without merit. In Muller v. State, 387 So.2d 1037 (Fla. 3d DCA 1980), this court held that:
In the absence of an order of extension entered by the trial court during the speedy trial period, we will not find that the time was extended, no matter how compelling or exceptional the circumstances may appear.
Since the first issue presented is dispositive, we do not reach the other issues contained in M.M.'s appeal.
Absent a showing that the appellant was in any way at fault in delaying the adjudicatory hearing, we reverse and remand with directions to the trial court to discharge the appellant.
Reversed and remanded with directions.
NOTES
[1] The written order, even if timely, makes no findings, nor does it extend speedy trial time.