411 So.2d 231 (1982)
Donnell ROGERS, Petitioner,
v.
The Honorable Richard B. KEATING, Circuit Court Judge, Ninth Judicial Circuit, Orange County, Florida, Respondent.
No. 81-1045.
District Court of Appeal of Florida, Fifth District.
February 17, 1982.
As Corrected February 23, 1982.
Rehearing Denied March 11, 1982.
Joseph W. DuRocher, Public Defender, and Glenn Klausman, Asst. Public Defender, Orlando, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for respondent.
COBB, Judge.
The issue in this case is whether a continuance granted the state for exceptional circumstances during the speedy trial period, but which does not specifically extend the period, operates to extend it. We hold that it does, and therefore deny Rogers' petition for writ of prohibition.
Rogers was arrested for and charged with two felonies. Thereafter, the court extended the original 180-day speedy trial period 30 days to accommodate the state. Rogers subsequently waived the 180-day period.
Subsequent to the running of 210 days from the date of the arrest, Rogers moved for a speedy trial discharge. This motion was denied on December 10, 1980. This denial began the running of a new, 90-day speedy trial period. See Fla.R.Crim.P. 3.191(d)(3); Butterworth v. Fluellen, 389 So.2d 968, 970 (Fla. 1980); State v. Moss, 395 So.2d 561, 562 (Fla. 5th DCA 1981). The 90 *232 days extended to March 10, 1981. On February 15, 1981, the date set for trial, the state moved to continue the cause on the ground of exceptional circumstance i.e., a necessary state witness was unforeseeably ill. After finding an exceptional circumstance existed, the trial court continued the cause and rescheduled the trial for April 7, 1981, which was beyond the 90-day period. On April 2, 1981, Rogers again moved for discharge on speedy trial grounds, alleging the 90 days had run. The court denied the motion, and Rogers now seeks a writ of prohibition.
We begin our analysis with the speedy trial rule. In relevant part, Florida Rule of Criminal Procedure 3.191(d)(2) provides:
The periods of time established by this Rule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured.
Subsection (d)(2) authorizes a court to extend the speedy trial period, but does not specify how the extension must be accomplished. Subsection (d)(2)(ii) simply provides that extension may be procured "by written or recorded order of the court on the court's own motion or motion by either party in exceptional circumstances" as defined in Rule 3.191(f).[1] (Emphasis added.) To extend the speedy trial period, Rule 3.191(d)(2) only requires a timely "written or recorded order." It does not specify the type of order that is qualitatively sufficient to effectuate that extension. We cannot interpret the rule as distinguishing a valid from an invalid order of extension by the presence or absence of the words "... and the speedy trial period is hereby extended." We therefore hold that where, as here, a continuance is granted for exceptional circumstances during the speedy trial period and the court reschedules trial to a date certain, the speedy trial period is extended to the rescheduled trial date. Under these circumstances, the continuance satisfies Rule 3.191(d)(2).[2]
Rule 3.191(d)(3)(i) does not mandate a different result. It merely requires the trial court to discharge a defendant unless "a time extension has been ordered under (d)(2) and that extension has not expired." (Emphasis added.) Subsection (d)(3)(i) does not specify how the extension must be accomplished, only that it comply with (d)(2). The issue is whether a given order satisfies (d)(2).
Nor do the cases cited by Rogers require a different conclusion. In Stuart v. State, 360 So.2d 406 (Fla. 1978), the trial court did not determine whether the absence of a witness constituted an "exceptional circumstance." 360 So.2d at 412. Therefore, the discussion concerning the absence of an order of extension is dictum, and not binding upon this court.
Durrance v. Rudd, 398 So.2d 1012 (Fla. 1st DCA 1981), is distinguishable: in Durrance, unlike the instant case, no order of extension was entered during the speedy trial period, as required by Rule 3.191(d)(2).[3] *233 Durrance, therefore, did not resolve the issue of whether a continuance for exceptional circumstances granted during the speedy trial period operates to extend the period.
Nor did Mellman v. Rudd, 389 So.2d 706 (Fla. 1st DCA 1980), cert. denied, 399 So.2d 1145 (Fla. 1981), decide the issue before this court. The Mellman majority recited the generally-agreed principle that "the time for trial may be extended only by order entered before the expiration of such time." 389 So.2d at 708. Mellman held that in the absence of an express stipulation, a transactional immunity agreement does not toll the running of the speedy trial period. Mellman rejected the notion that such an immunity agreement was an exceptional circumstance under Rule 3.191(f). Mellman, therefore, did not concern extension through exceptional circumstance, the issue in this case.[4]
C.S. v. State, 390 So.2d 457 (Fla. 3d DCA 1980), also cited by Rogers, is similarly unsupportive. The C.S. court concluded that an order of continuance, which failed to find that the interest of justice would be served by such extension and which did not recite the reason for such extension, failed to comply with Florida Rule of Juvenile Procedure 8.180(c), and was therefore ineffective to extend the speedy trial period.[5] 390 So.2d at 458. C.S. differs from the present case in that Rule 8.180(c) specifically required such findings to be made before speedy trial could be extended which, in C.S., the trial court failed to do. In the present case, Rule 3.191 does not specifically require a trial court to state "... and the speedy trial period is hereby extended" in order to effectuate an order of extension. For similar reasons, M.B. v. Lee, 388 So.2d 1364 (Fla. 5th DCA 1980), does not support Rogers' position: "[T]he judge did not comply with rule 8.180(c) as he failed to enter an order reciting the reasons for the extension." 388 So.2d at 1365.
In M.M. v. State, 407 So.2d 262 (Fla. 3d DCA Dec. 8, 1981), also cited by Rogers, the trial court orally granted a continuance, but did not specifically extend the speedy trial period. A written order reflecting the continuance was entered eight days after the speedy trial period had run. Citing J.R.S. v. Hastings, 374 So.2d 559 (Fla. 4th DCA 1979), the M.M. court stated "there can be no extension of the speedy trial period without the entry of an order of extension," and then found the court's order deficient since it did not specifically extend the speedy trial period. 407 So.2d at 263. J.R.S., however, did not hold that an order of continuance which met all other requirements of Rule 8.180(c) would not extend the speedy trial period.[6] Furthermore, the reason for the continuance in M.M. does not appear in the opinion. We therefore decline to adopt M.M.'s rational in the present case where the continuance was *234 timely granted and the trial rescheduled for exceptional circumstances.
Finally, State ex rel. Smith v. Rudd, 347 So.2d 813 (Fla. 1st DCA 1977), cited by Rogers, is unavailing, for in the words of Judge Mills, writing for the court: "When Smith filed his motion for discharge no time extension had been ordered by the respondent as provided in § (d)(2)." 347 So.2d at 815. As previously stated, the continuance in the present case was granted during the speedy trial period.
We find it unnecessary under these facts to consider the proposition advanced in State v. Bufford, 383 So.2d 928 (Fla. 5th DCA 1980), that a state continuance per se abrogates the 180-day rule, and whether or not that dictum conflicts with the waiver theory of State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971).
Rogers' petition for writ of prohibition is DENIED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Rule 3.191(f) permits the court to extend the speedy trial period "where exceptional circumstances are shown to exist."
[2] The fact that the state attorney was not requesting an extension is of no moment. For exceptional circumstances, the court can extend the speedy trial period on its own motion. See Fla.R.Crim.P. 3.191(d)(2)(ii).
[3] "[T]he only written order entered by the trial court prior to petitioner's motion for discharge granted [his] request for bond... ." (Emphasis added.) 398 So.2d at 1015. After Durrance's motion for speedy trial discharge, the trial court entered an order which stated the continuance therein had been granted for exceptional circumstances. The Durrance court concluded that "a court cannot retroactively hold its earlier continuance was for exceptional circumstances' after the speedy trial time has run to avoid the speedy trial limits." (Emphasis added.) 398 So.2d at 1015. We agree with this statement of law. However, the Durrance court went on to say that "a continuance alone does not toll the speedy trial time." (Emphasis added.) 398 So.2d at 1016. "What is required is an order entered before the time limit expires, specifically extending or tolling the speedy trial requirements." (Emphasis in original.) Id. In the present case, the continuance was granted before the speedy trial period ran and was granted specifically upon the finding of an exceptional circumstance. This was not the factual setting of Durrance, and we therefore decline to apply its reasoning to this case.
[4] The Mellman majority went beyond its holding to state: "Even if we were to hold the execution of such a contract [an immunity agreement] is an exceptional circumstance, subsection (d)(2)(ii) may not be relied upon to justify an extension of trial time because the state failed to move for an order extending the time before it had expired." (Emphasis added.) 389 So.2d at 708. Even if the above had been the holding in Mellman, the present case would be distinguished because the state herein sought an order of extension before speedy trial had expired, i.e., the continuance for exceptional circumstance.
[5] Rule 8.180(c), which has been redesignated as the current rule 8.180(d), provided:

The court may extend the period of time established by this order on motion of any party, after hearing, on a finding that the interests of justice will be served by such extension. The order will recite the reasons for such extension. General congestion of the court's docket, lack of diligent preparation, or failure to obtain available witnesses, or other avoidable or foreseeable delays shall not constitute grounds for such extension.
[6] The J.R.S. court framed the issue as "whether an oral continuance on the court's own motion serves to extend the time for speedy trial." The court then said, "Under the circumstances of this case, we conclude that it does not." 374 So.2d at 560. The court found that contrary to Rule 8.180(c), no order had been entered, nor had either party moved for an extension, nor had the court made any finding that would justify extension. The court went on to opine that "[W]e do not believe that a mere order of continuance by the trial court constitutes an indefinite open-ended extension of speedy trial time." Id.