424 So.2d 128 (1982)
STATE of Florida, Appellant,
v.
Ronald Hoyt BURRIS, Appellee.
No. AL-395.
District Court of Appeal of Florida, First District.
December 22, 1982.
*129 Jim Smith, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., for appellant.
Brandt W. Davis, Asst. Public Defender, for appellee.
WENTWORTH, Judge.
The state appeals from an order granting appellee's motion for discharge, filed pursuant to Florida Rule of Criminal Procedure 3.191(a). We affirm.
Appellee and several co-defendants were arrested on September 11, 1981, and charged with trafficking in cannabis. On December 10, 1981, a hearing was held on the state's motion to continue, or in the alternative to extend, the limits of speedy trial requirements under the cited rule. Judge Willis denied the motion to extend but granted the motion for continuance and continued the case until February 4, 1982.[1] On February 4, the parties appeared before Judge Cooksey, and the state again requested a continuance or extension of time under the rule.[2] Judge Cooksey granted the continuance but stated "You [the prosecution] can present me some law relative to the matter of extending the speedy trial." There was no order entered, oral or written, extending the time under the rule, although the case was continued until April 22, 1982. On March 22, 1982 appellee filed a motion to discharge alleging that the 180-day speedy trial time expired on February 9, 1982. The motion was argued before Judge Cooksey on April 16, 1982 and was granted.
In Rogers v. Keating, 411 So.2d 231 (Fla. 5th DCA 1981), the court held that where a continuance is granted for exceptional circumstances during the speedy trial period and the court reschedules trial to a date certain, the speedy trial period is extended to the rescheduled trial date. Under these circumstances, the continuance satisfies Rule 3.191(d)(2). Id. at 232. Rogers does not hold that the existence of the requisite exceptional circumstances[3] may be assumed when a trial is continued beyond the expiration of the speedy trial date. On the contrary, the state has the burden of proving that the asserted exceptional circumstances exist and their existence "will not be ... presumed from the circumstances." Stuart v. State, 360 So.2d 406 (Fla. 1978).
In this case the state was given every opportunity to present evidence and law in support of its motion and consistently failed to do so. At no time did the circuit court find that exceptional circumstances existed for extending the speedy trial time; *130 nor would such a finding have been supported by the instant record had it been made. The order discharging the defendant is therefore affirmed.
McCORD and BOOTH, JJ., concur.
NOTES
[1] The state did not present evidence in support of its motion for extension of the speedy trial time at the December 10, 1981 hearing, and the record does not reflect the existence of any exceptional circumstances which would have warranted granting the state's motion at that time.
[2] At the February 4, 1982 hearing, the prosecutor argued, in support of the motion, that he was unable to locate one of his two key witnesses because he had "hidden himself or secluded himself." However, no evidence was presented that the absence of the witness was "unforseeable and unavoidable." Fla.R.Crim.P. 3.191(f).
[3] Fla.R.Crim.P. 3.191(f).