COBB, Chief Judge.
D.A.L., the juvenile defendant below, claims on appeal that he was entitled to discharge under the Juvenile Speedy Trial Rule, Florida Rule of Juvenile Procedure 8.180(b).[1] The operative facts show that a delinquency petition was filed against him on July 26, 1983, charging burglary and grand theft. The state attempted to serve a summons on him on August 15, 1983, but he could not be located at the address found on the arrest form. On that same date, the trial court directed that an alias summons be issued at a new address to be provided by the state attorney. Ultimately, an alias summons was issued on November 9,1983, and served on the defendant on or about November 16, 1983. On December 8, he filed a motion to dismiss for the reason that more than 90 days had expired since the petition was filed, without an adjudicatory hearing as required by the applicable rule, which provides, in pertinent part:
(a) Time. Every case in which a petition has been filed alleging a child to be delinquent or dependent shall be brought to an adjudicatory hearing without demand within 90 days of the earliest of the following dates:
1. The date the child was taken into custody.
2. The date the petition was filed.
(b) Dismissal. If the adjudicatory hearing is not begun within 90 days or an extension thereof as hereinafter provided *1334 the petition shall be dismissed with prejudice.

(d) Extensions of Time. The court may extend the period of time established by this order on motion of any party, after hearing, on a finding that the interests of justice will be served by such extension. The order will recite the reason for such extension. The general congestion of the court’s docket, lack of diligent preparation, or failure to obtain available witnesses, or other avoidable or foreseeable delays shall not constitute grounds for such an extension.
On December 19, 1983, the state filed a motion to extend the speedy trial period. In that motion, the state made the following assertions:
1. The Child herein was never arrested or taken into custody.
2. A Petition for Delinquency was filed in this cause on July 26, 1983.
3. The speedy trial time in this cause expired on September 26, 1983.
4. The jurisdiction of the court did not attach (to) the child and the case until an alias summons was served upon the child on November 14, 1983.
5. No extension hearing could be held prior to November 14, 1983, since an extension hearing cannot be held by a court which does not have jurisdiction.
6. The court has a reasonable time after jurisdiction has attached within which to consider an extension of the ninety (90) day period even if the extension hearing is subsequent in point of time to ninety days after filing of the petition.
7. The speedy trial time expired prior (to) the courts jurisdiction attaching to the child and the case.
8. The delay in serving the child was neither avoidable nor foreseeable and cannot be attributed to any delay or act by the state.
9. Failure to grant this motion will result in undue prejudice to the State of Florida.
10. The interests of justice will be served by such extension.
The trial court held a hearing on the same date the state filed its motion. Apparently no evidence was presented, but merely argument by counsel in support of their respective motions. The trial court entered its order denying the defense motion to dismiss. Based upon a finding that it did not obtain jurisdiction until November 11, 1983, the trial court held the motion to extend was timely and granted it. Thereafter, the trial court accepted the defendant’s nolo contendere plea, withheld adjudication and placed the defendant in the community control program, and this appeal ensued.
The issue on appeal is whether or not the trial court properly granted the extension of speedy trial time. To resolve this appeal, two factors must be considered: (1) the jurisdiction of the court to extend the time, and (2) the sufficiency of the evidence to justify such an extension. We believe the trial court erred in regard to both factors. Rule 1.180 is clear in requiring that, in the absence of an extension of speedy trial time, an adjudicatory hearing must be held within 90 days of the filing of the petition, or the date the child is taken into custody, whichever is earlier. As this appellant was never taken into custody, the measuring point here was the date the petition was filed. In this case, there was a lapse of 146 days between the filing of the petition and the order of extension. Therefore, there was a clear violation of the rule.
On appeal the state relies on dicta from this court’s decision in P.L.H. v. Brownlee, 389 So.2d 649 (Fla. 5th DCA 1980), wherein we expressed concern, and attempted to reconcile, the conflict we perceived at that time between the Juvenile Jurisdiction Statute[2] and the Juvenile *1335 Speedy Trial Rule. Despite that dicta, we now read section 39.06(7), Florida Statutes (1983), to bestow in rem jurisdiction upon the trial court at the time the petition for delinquency is filed (assuming it precedes the custodial detention of the juvenile), thereby rendering it consistent with the Juvenile Speedy Trial Rule as set out in Florida Rule of Juvenile Procedure 8.180(a), and its statutory counterpart, section 39.05(7), Florida Statutes (1983). Therefore, the trial court would have jurisdiction to grant an order of extension of the speedy trial period, for good cause shown, even prior to its acquisition of in personam jurisdiction.
Under our reading of section 39.-06(7), the speedy trial time had expired prior to the trial court’s order of extension, so the cause should have been dismissed pursuant to the defendant’s motion at the hearing of December 19, 1983. See Fla.R. Juv.P. 8.180(b). Moreover, even if the order of extension had been obtained within the 90-day period, it would have been insufficient in this case because at the extension hearing held below the state failed to present evidence or make any showing of the defendant’s unavailability for service of process, which is the state’s burden at an extension hearing. See V.C. v. Ferguson, 422 So.2d 861 (Fla. 3d DCA 1982); C.S. v. State, 390 So.2d 457 (Fla. 3d DCA 1980); Thigpen v. State, 350 So.2d 1078 (Fla. 4th DCA 1977), remew denied, 354 So.2d 986 (1978).
Accordingly, we reverse and remand for discharge of the defendant.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.

. Florida Rule of Juvenile Procedure 8.180(a) is in conformity with section 39.05(7), Florida Statutes (1983).

. Section 39.06(7), Florida Statutes (1983), reads:
The jurisdiction of the court shall attach to the child and the case when the summons is served upon the child, a parent, or legal or *1335 actual custodian of the child or when the child is taken into custody with or without service of summons and before or after filing of a petition, whichever first occurs, and thereafter the court may control- the child and case in accordance with this chapter.