349 So.2d 837 (1977)
STATE of Florida, Appellant,
v.
Martha Lee ANSLEY, Appellee.
No. FF-224.
District Court of Appeal of Florida, First District.
September 16, 1977.
Robert L. Shevin, Atty. Gen., and Michael H. Davidson, Asst. Atty. Gen., for appellant.
Leo A. Thomas of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellee.
RAWLS, Judge.
By this interlocutory appeal, the state seeks review of the trial court's order granting appellee Ansley's motion to dismiss Count III of an amended information *838 by which she was charged with petit larceny, a misdemeanor offense.
Ansley's motion to dismiss and the trial court's order treating same as a motion to discharge pursuant to Fla.R.Crim.P. 3.191(d)(1) were premised on the running of the "speedy trial" time pursuant to Fla.R. Crim.P. 3.191(a)(1) which provides, in part:
"... Except as otherwise provided by this Rule, every person charged with a crime by indictment or information shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor... and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during such period of time for trial."
At the hearing below, and here, the state urges that Ansley waived her right to speedy trial by standing silent when the trial court set a trial date beyond the 90-day period required by the speedy trial rule. We cannot agree.
Ansley was taken into custody on November 4, 1976, as the result of the conduct giving rise to two felony counts and one misdemeanor count charged in the amended information. On an unspecified date the case was set for trial, and the trial court announced a trial date which was beyond the 90-day speedy trial period for the misdemeanor count. On February 8, 1977, Ansley filed a motion to dismiss the misdemeanor count for failure to have been accorded a speedy trial.
The trial court's order of discharge states, in pertinent part:
"The sole question presented is whether the defendant or her attorney waived her rights under the statute by remaining silent on the date the case was set for trial. On the date the case was set for trial the Court announced a trial date which was beyond the time limited for affording defendant a speedy trial.
.....
"The Court finds that there was no waiver in this case by the Court merely announcing in open court a trial date beyond the ninety day time period.
"A defendant has no duty to bring himself to trial. The State and for that matter the trial court has that duty as well as the duty of insuring that the trial is within the speedy trial rule.
"The record does not affirmatively show that the defendant or her attorney agreed to the date in question. For this reason, the motion for discharge is granted as to count three of the information."
Gue v. State, 297 So.2d 135 (Fla. 2nd DCA 1974), is on point. There, Gue had originally been charged with a misdemeanor for possession of marijuana. Subsequently, the state nolle prossed the original charge and filed a felony charge for possession of narcotic paraphernalia. However, the state failed to bring Gue to trial within 180 days of the date when she was taken into custody as a result of the conduct or criminal episode giving rise to the crime charged. Gue's motion for discharge pursuant to the speedy trial rule was denied by the trial court. In reversing, the Second District Court of Appeal stated:
"We find nothing in this record to constitute an exception to the speedy trial rule. While it is true, as the trial judge pointed out, that at arraignment the defendant might have called to the state's attention that the case was set for trial beyond the 180 days, we find nothing in the rule which places the burden of compliance elsewhere than on the state. There being no waiver or other circumstances justifying extension, denial of the motion to discharge was error."
See also Smith v. State, 345 So.2d 1117 (Fla. 2nd DCA 1977); Flournory v. State, 322 So.2d 652 (Fla. 2nd DCA 1975); and Harris v. Tyson, 267 So.2d 390 (Fla. 4th DCA 1972).
The requirements of Fla.R.Crim.P. 3.191(d)(2)(i), requiring that an extension or waiver of the speedy trial time be in writing and be signed in proper person or by *839 counsel, by the party against whom the stipulation is sought to be enforced, have been modified considerably by judicial interpretation. Waiver has been found without the required writing where defense counsel orally stipulated to the delay in open court and where same was preserved for the record by certified transcript of the proceedings; or where there was either a passive or active acknowledgment on the part of the defense that a stipulation (in court or out, oral or written) had been entered into by which the parties agreed that the trial would be set beyond the speedy trial period; or where there was an acknowledgment by the court or one of the parties of a speedy trial issue followed by the defense's acquiescence in a trial date set beyond the speedy trial period. State v. Kelley, 322 So.2d 581 (Fla. 1st DCA 1975); Stuart v. State, 339 So.2d 659 (Fla. 3rd DCA 1976); State v. Earnest, 265 So.2d 397 (Fla. 1st DCA 1972); and Eastwood v. Hall, 258 So.2d 269 (Fla. 2nd DCA 1972). However, none of these circumstances has occurred in the instant case.
We hold that mere silence alone on the part of the defendant or his counsel at a proceeding in which the defendant's trial date is set beyond the speedy trial period is not a waiver pursuant to Fla.R.Crim.P. 3.191(d)(2)(i).
AFFIRMED.
McCORD, C.J., concurs.
BOYER, C.J., specially concurs.
BOYER, Chief Judge concurs, specially.
I do not agree with the rule. (Fla.R. Crim.P. 3.191) I think it to be bad law. The philosophy behind "speedy trial" is to assure that an accused be not required to languish in jail or under threat thereof while on bail, awaiting a delayed trial. The constitutional right to be protected is the right of speedy trial not a speedy discharge without trial. In my view, an accused should not be allowed to escape prosecution, perhaps to the detriment of society, without expressing some desire to "get it over with". However, it is not the prerogative of this Court (as it is the Supreme Court) to question the wisdom of the rule. We have but one choice, to follow. I therefore most reluctantly, with full knowledge that justice is not achieved but is thwarted, concur in the opinion authored by my brother Judge Rawls.