436 So.2d 166 (1983)
Thomas Lee SAUNDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-597.
District Court of Appeal of Florida, Second District.
April 6, 1983.
Rehearing Denied May 16, 1983.
*167 Jerry Hill, Public Defender, Bartow and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Thomas L. Saunders appeals from his conviction and sentence for violation of the Florida Comprehensive Drug Abuse Prevention and Control Act, section 893.135, Florida Statutes (1979), arguing that the trial court's denial of his motion to discharge under the speedy trial rule was error. Fla.R.Crim.P. 3.191. We agree and reverse.
Saunders was arrested on June 27, 1981; on July 1, 1981, the public defender was appointed to represent him. On October 1, 1981, appellant entered a plea of not guilty to the charge. On October 22, 1981, during an unrecorded conference, trial was set for January 11, 1982; trial was thus scheduled for a date beyond the speedy trial deadline of December 24, 1981.
On October 27, 1981, the public defender's office filed a motion for determination of solvency. The trial court, on November 3, 1981, found appellant solvent and allowed the public defender to withdraw from the case. Saunders retained private counsel on or about November 17, 1981. On January 8, 1982, Saunders' attorney filed a notice of appearance and a motion for discharge under the speedy trial rule.
On January 11, 1982, the trial judge continued and reset Saunders' case until January 15, 1982 for a hearing on appellant's motion for discharge. It is through the transcript of testimony taken during the January 15 hearing that we gain some insight into the unrecorded (and rather informal) meeting of October 22, 1981, whereat Saunders' case was set for trial. It appears that a clerk from the state attorney's office, an assistant public defender, a clerk from the public defender's office, and a clerk of the circuit court (evidently assigned to the criminal justice division), attended the October 22 conference. These individuals met in order to schedule numerous cases for trial. There was no judge in attendance.
The representative from the circuit court clerk's office had announced that the circuit court was overloaded due to some "big drug trial" and, therefore, she had instructions from a circuit judge that no new and no non-jail cases be set for trial for the remainder of 1981. The assistant public defender who had attended the meeting testified *168 that his office never waived speedy trial. He recalled that he had not been aware of a speedy trial problem as of the October meeting. Apparently, none of those in attendance concerned themselves about speedy trial in the Saunders case.
After listening to the January 15, 1982 testimony, the trial judge denied the motion for discharge and set the case for trial on January 18, 1982.
On January 18, 1982, the trial judge allowed Saunders' privately retained counsel the opportunity to make additional argument on the motion for discharge. Thereafter, the motion was again denied. Saunders then pleaded nolo contendere reserving for purposes of appeal the trial court's denial of his motion for discharge.
The state argues on appeal, as they did below, that Saunders effectively waived his right to a speedy trial when, at the October 22 meeting, the public defender acquiesced in setting the trial for a date after the running of speedy trial. The state also maintains that appellant was unavailable for trial as of the date speedy trial expired. We cannot agree with either argument.
We believe the holding in State v. Ansley, 349 So.2d 837 (Fla. 1st DCA 1977), cert. denied, 359 So.2d 1220 (Fla. 1978), is controlling. Judge Rawls traced judicial treatment of the speedy trial rule.
The requirements of Fla.R.Crim.P. 3.191(d)(2)(i), requiring that an extension or waiver of the speedy trial time be in writing and be signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, have been modified considerably by judicial interpretation. Waiver has been found without the required writing where defense counsel orally stipulated to the delay in open court and where same was preserved for the record by certified transcript of the proceedings; or where there was either a passive or active acknowledgment on the part of the defense that a stipulation (in court or out, oral or written) had been entered into by which the parties agreed that the trial would be set beyond the speedy trial period; or where there was an acknowledgment by the court or one of the parties of a speedy trial issue followed by the defense's acquiescence in a trial date set beyond the speedy trial period. (citations omitted).
349 So.2d at 838-839.
Judge Rawls concluded: "We hold that mere silence alone on the part of the defendant or his counsel at a proceeding in which the defendant's trial date is set beyond the speedy trial period is not a waiver pursuant to Fla.R.Crim.P. 3.191(d)(2)(i)." 349 So.2d at 839.
None of the circumstances discussed in Ansley has occurred in the case sub judice. There was no written waiver, no transcript indicating stipulation to the delay, no acknowledgment on the part of the defense that there had been a stipulation to the delay, nor any acknowledgment of a speedy trial issued followed by acquiescence by the defense in setting trial beyond the expiration of the speedy trial period.
It should also be noted that Fla.R.Crim.P. 3.191(d)(2) reads:
(d)(2). When Time May Be Extended. The periods of time established by this rule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured. Such an extension may be procured: (i) upon stipulation, announced to the court or signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, ... (emphasis supplied).
Not only did the trial court lack formal evidence as to a stipulation of waiver of speedy trial, there was no trial judge present to accept such a stipulation.
Lastly, the state's argument that appellant was unavailable for trial in view of these particular circumstances is meritless. The state argues that appellant was unavailable for two reasons. First, because the state had no notice from November 3, 1981 until January 8, 1982 (after the expiration of speedy trial) that appellant was represented by counsel. Second, as further *169 evidence of appellant's unavailability below, the state points to the fact that at the January 8 and 15 hearings, defense counsel requested continuances to prepare for trial.
For the state to argue the unavailability of appellant, because they had received no prior notice that appellant was represented by counsel before the expiration of the 180 days, is an attempt to shift the burden of complying with the 180-day rule to the criminal defendant. The burden to comply with the rule is on the state. Gue v. State, 297 So.2d 135 (Fla. 2d DCA 1974).
Turning to the state's second argument regarding the unavailability of Saunders, we note that the requests for continuance by defense counsel were made outside the 180-day period. The speedy trial time had already run. We are required to examine appellant's unavailability prior to, or at the point, the speedy trial time expired. The record is devoid of any conclusive evidence that Saunders was unavailable any time during the 180-day period which the state had been accorded to place appellant in jeopardy.
The denial of the motion to discharge was error and, as such, is reversed. This cause is remanded to the trial court with instructions to discharge appellant from the charges which gave rise to this appeal.
REVERSED and REMANDED with instructions.
HOBSON, A.C.J., and LEHAN, J., concur.