WIGGINTON, Judge,
concurring specialty-
I am in accord with Judge Shivers’ opinion reversing the trial court’s finding of dependency as this holding properly expresses the state of the law presently in effect and applicable to the facts presented in the juvenile dependency ease before us. I join him in following the pertinent Rules of Juvenile Procedure and case law despite my intuition that neither the legislature nor the rule makers forethought the not-so-subtle distinctions between “delinquent” proceedings and “dependent” proceedings such as to apply synonymously the effects of rule 1.180, speedy trial.
*1149 Despite our lack of affinity for the speedy trial rule as applied to the facts of this case, we do not find from the record that H.B. has been or will be thrust back into a home environment of “horribles.” The passage of time in normally processing this appeal (no motion to expedite having been filed) has permitted almost a year to elapse since the stepfather was barred from the home by an interim order of the circuit judge entered September 2, 1983. That order, along with the November 14, 1983 order adjudicating H.B. to be dependent, established the law of the case and has been in effect until now, albeit that we are now about to reverse that final order.
During this period of eleven months we must assume that HRS and the parties abided by those orders with HRS supervising the home and family through its protective services and the mother and child attending counseling sessions at Apalachee Community Mental Health Services.
To our knowledge, H.B. has not been victimized or subject to a reoccurrence of further offensive or repulsive sexual acts since being returned to the home. The trial court, who at the time of entering the order of dependency surely knew the whereabouts, circumstances and status of the stepfather, found no reason to provide additional safety measures than were already established and which have continued now for almost a year.
We are concerned with misapplication of the rule to dependency proceedings. The evident dichotomy and distinction to be recognized is that while a juvenile delinquency proceeding is obviously criminal and adversarial in nature, a juvenile dependency proceeding is civil, usually informal and oftentimes finding the dependent to be the victim of parental abuse or other offenses not his fault. The goal of the delinquency action, prosecuted by the state, is to determine guilt or innocence, while the parties’ focus in a dependency proceeding is that of devising a plan to meet the ends of justice and best suit the interest and long-range needs of primarily the child and secondarily the family.
The framers of the 1977 Revisions to the Juvenile Rules merely proposed and had adopted the adult speedy trial rule with a more restrictive time limitation. See Committee Notes to Fla.R.Juv.P. 8.180. The application of criminal or delinquent speedy trial case law to juvenile dependent cases more than often precludes attaining the goal, despite ongoing efforts of all concerned, to fashion a plan that is in the best interest of the child. For instance, there is no discretion on the part of the juvenile judge to consider a motion for an extension of time filed after expiration of the ninety days. Additionally, the rule makes no provision for the dependent child being able to waive voluntarily his right to a speedy trial, a right expressly reserved to the delinquent by Fla.R.Juv.P. 8.180(c). And, more fundamentally, the issue necessarily arises as to whether there is a need and place at all for the speedy trial doctrine in juvenile dependency disputes.
There is a dearth of cases involving the speedy trial rule application to dependency proceedings. I find none on point in this case or even close to the target, as seems to be the situation with the participating parties. Nevertheless, in my view, the overlay and application of criminal rules and case law to civil type proceedings such as this stifles the parties’ and judges’ abilities to fashion plans and remedies to serve best the ends of justice. Chapter 39, Florida Statutes, Proceedings Relating to Juveniles, and the Rules of Juvenile Procedure, should be critically reviewed in light of the obvious dichotomy that should be made between delinquent and dependent juveniles.
Judge Boyer stated in his special concurrence in State v. Ansley, 349 So.2d 837 (Fla. 1st DCA 1977):
I do not agree with the rule. (Fla.R. Crim.P. 3.191) [Speedy Trial] I think it to be bad law.... However, it is not the prerogative of this Court (as it is the Supreme Court) to question the wisdom of the rule. We have but one choice, to follow. I therefore most reluctantly, with full knowledge that justice is not achieved but is thwarted, concur in the *1150 opinion authored by my brother Judge Rawls.
At 839.
Just as Judge Boyer recognized this Court's duty to apply the clear mandate of the law, so also do I recognize that obligation which, under our system, precludes us from reaching the result which we may individually prefer in lieu of that which is clearly required by the applicable law.