464 So.2d 242 (1985)
STATE of Florida, Appellant,
v.
William SWINT, Appellee.
No. 84-1983.
District Court of Appeal of Florida, Second District.
March 1, 1985.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellee.
*243 CAMPBELL, Judge.
Appellant, the State of Florida, claims that the trial court erred in granting appellee William Swint's motion for discharge, based on a violation of the 180-day speedy trial rule, Rule 3.191(a)(1), Florida Rules of Criminal Procedure. We agree and reverse.
Appellee was arrested January 31, 1984, and charged by information in February 1984, with grand theft and dealing in stolen property. At a pretrial conference on July 16, 1984, defense counsel announced that a trial date needed to be set. The following discussion ensued:
DEFENSE COUNSEL: Mr. Pastian is ready to enter a plea and Mr. Swint would like a trial date.
THE COURT: Okay. Are those the only two?
DEFENSE COUNSEL: Those are all, Judge. Mr. Jackson didn't show up.
THE COURT: When are you going on vacation?
(THEREUPON, THERE WAS NO RESPONSE. AN OFF THE RECORD DISCUSSION WAS HELD ABOUT VACATION TIME.)
THE COURT: Let's try him in August. How's that? Who's the State on this, Jeff Grate?
MR. SANDEFER: I think he normally does Wednesdays.
DEFENSE COUNSEL: August 22nd, we'll try him then.
On August 1, 1984, appellee filed a motion for discharge which the trial court granted. On appeal, appellant argues that defense counsel acquiesced to the August 22nd trial date and thereby waived speedy trial. We agree with appellant on the basis of Robbins v. State, 370 So.2d 420 (Fla. 1st DCA 1979), cert. denied, 381 So.2d 769 (Fla. 1980).
An extension or waiver of the speedy trial period must be in writing, signed by proper person or counsel, or be "upon stipulation announced to the court" under Rule 3.191(d)(2), Florida Rules of Criminal Procedure (1984).
Mere silence of the defendant or defense counsel at the proceeding wherein defendant's trial date is set beyond the speedy trial period is not an effective waiver. State v. Ansley, 349 So.2d 837 (Fla. 1st DCA 1977), cert. denied, 359 So.2d 1220 (Fla. 1978). Nor is an off-the-record agreement by defense counsel to a trial date beyond the speedy trial period a valid waiver. In Saunders v. State, 436 So.2d 166 (Fla. 2d DCA 1983), defense counsel acquiesced to a trial date of January 11, 1982, which was beyond the speedy trial period, after the clerk of the court informed counsel that the trial judge had stated that no more cases would be heard in 1981. There was no transcript of that proceeding and the judge was not present. The court found that there was no effective waiver of speedy trial under Rule 3.191.
The case at bar is more closely analogous to Robbins than to Ansley and Saunders. In Robbins, the trial court held that defense counsel effectively waived speedy trial by stating to the trial court that "I'll try the case whenever it's set." Here, defense counsel affirmatively selected a trial date beyond speedy trial. "August 22nd, we'll try him then" goes beyond mere silence or passive acquiescence which was found to be an ineffective waiver of speedy trial in Ansley and Saunders.
Accordingly, based on Robbins, we reverse the decision of the trial court.
SCHEB, A.C.J., and OTT, J., concur.