ERVIN, Judge,
specially concurring.
If this case were governed solely by the provisions of Florida Rule of Criminal Procedure 3.191(d)(2),[1] as amended in 1980, I would vote to grant the petition for writ of certiorari and to reverse the order denying the petition for writ of prohibition. In construing section (d)(2) of the rule, the courts have repeatedly stated that a defendant’s silence or failure to object to the setting of a trial date beyond the period required by the speedy trial rule cannot constitute waiver by acquiescence. Stuart v. State, 360 So.2d 406 (Fla.1978); State v. Swint, 464 So.2d 242 (Fla. 2d DCA 1985); Mellman v. Rudd, 389 So.2d 706 (Fla. 1st DCA 1980), pet. rev. den., 399 So.2d 1145 (Fla.1981); State v. Ansley, 349 So.2d 837 (Fla. 1st DCA 1977), cert. denied, 359 So.2d 1220 (Fla.1978).
As reflected in the majority’s opinion, neither Newsom nor his attorney objected to the scheduled jury trial date of June 11, 1984, a date 30 days beyond the 90-day period the state had in which to try New-som for his traffic citations. Indeed, the record in the present case does not show that the county court set the case for jury trial in the presence of defendant or his attorney, because we have no transcription of the proceeding that occurred on April 23, 1984, the date counsel filed his written notice of appearance, then advising the court that his client desired trial by jury. We do know that notice was supplied by the clerk of the county court in writing to petitioner’s attorney on April 26,1984, stating that the case would be called up before the County Court of Alachua County on May 23, 1984, and that jury trial would be scheduled to begin on June 11, 1984. Whether appellant or his attorney was actually present at the time the trial court orally announced — if such occurred — the setting of the case for jury trial is, however, immaterial to the issue of waiver. The above cases reflect clear-cut authority for the recognition that a defendant’s silence cannot be considered waiver.
Nevertheless, I agree to the majority’s disposition of the case because I find that the record supports the view that appellant was unavailable for trial on the date the case was scheduled for nonjury trial. It is therefore section (e) of the rule, rather than (d)(2), that governs the issue at bar. Rule 3.191(e), relating to a defendant’s availability for trial, provides, among other things: “A person is unavailable for trial if ... (2) the person or his counsel is not ready for trial on the date trial is scheduled.” (e.s.) The committee note to section (e) states: “Availability for trial is now defined solely in terms of required attendance and readiness for trial.” The Florida Bar In Re Rules of Criminal Procedure, 389 So.2d 610, 616 (Fla.1980) (e.s.).
On the date the case was originally scheduled for trial, April 23, 1984 — a date within the time limitations of the rule — it is true that defense counsel did not explicitly state that he was not prepared for trial. In fact, he now argues that appellant was continuously available for trial during the 90-day term. Nevertheless he must have known, or reasonably should have known, that his request for jury trial, filed on the same date the case had been scheduled for nonjury trial, would necessarily cause delay in trying the case. The county judge’s order denying the motion for discharge recites in part: “The actions of counsel for *448 the Defendant in removing the case from one docket [the nonjury trial docket] and placing it upon another docket are assumed to have been done with full knowledge that the date of the jury trial scheduled in this cause would place it beyond the time periods extended in the speedy trial rule.” Moreover, the attorney’s reference to the 1984 Traffic Calendar for Alachua County Court is a tacit admission that the case could not have been tried by jury on the date the case was originally set for nonjury trial. In fact, he has never contended that he was prepared to go forward with trial on the earlier date the case was scheduled for trial, but rather states that because the request for jury trial was made two days in advance of the docket date setting cases for jury trial, pursuant to the traffic calendar, the case “should” have been later scheduled for trial before the expiration of the 90-day period.
Whether the trial should or should not have been conducted within the requisite time limit is immaterial under the provisions of Rule 3.191(d)(3) and (e). Once the record reflects that a defendant is unavailable for trial on the date a case is originally scheduled for trial, there is no requirement pursuant to the above provisions of the rule for the court to reschedule the trial date within the speedy trial period, or enter an order extending the speedy trial time pursuant to the circumstances set forth under (d)(2). All that need be done is that the trial be “scheduled and commenced within 90 days” of an order denying a motion for discharge. Rule 3.191(d)(3).[2] In that the order of denial was entered on June 4, 1984, the rescheduled trial date of June 11, 1984 was clearly within the time specified by (d)(3).
For the reasons previously stated, the record before us clearly supports the finding that counsel was not ready for trial on the date the case was originally scheduled for trial. Although the initial burden is placed upon the state under section (e) to present evidence tending to show a defendant’s non-availability, once it has done so, as here, the burden shifts to the accused to establish his availability by competent proof during the term. Because appellant has not met his burden, I concur in the result reached by the majority.

. Section (d)(2) provides:
When Time May be Extended. The periods of time established by this Rule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured. Such an extension may be procured: (i) upon stipulation, announced to the court or signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, or (ii) by written or recorded order of the court on the court’s own motion or motion by either party in exceptional circumstances as hereafter defined in section (f), or (iii) by written or recorded order of the court with good cause shown by the accused, or (iv) by written or recorded order of the court for a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pre-trial motions, for appeals by the State, and for trial of other pending criminal charges against the accused, [footnote omitted]

. Rule 3.191(d)(3) provides in part that if the court finds that a motion for discharge is not appropriate because, among other things, defendant was unavailable for trial, the motion shall be denied, but the trial shall be scheduled "within 90 days of a written or recorded order of denial."