# STATE OF FLORIDA v FORREST

## Case No. 89-86AC (Lower Court Case No. 89-10721MM10)

Seventeenth Judicial Circuit, Broward County

January 14, 1991

### APPEARANCES OF COUNSEL

**Lewis Michael, Esquire,** State Attorney's Office, for appellant.

**Harry G. Robbins, Esquire,** for appellee.

### OPINION OF THE COURT

ROBERT B. CARNEY, Circuit Judge.

### *ORDER AFFIRMING TRIAL COURT'S DISCHARGE OF APPELLEE*

THIS CAUSE having come before this Court upon Appellant's appeal of the Trial Court's order granting the Appellee's Motion to Discharge. The Court having received and reviewed the respective appellate briefs, and being fully advised in the premises, makes the following findings of facts and conclusions of law:

3

By Information filed on May 9, 1989, the Appellant, the State of Florida, charged the Appellee, Denise Forrest, with driving under the influence, in violation of Florida Statute Section 316.193(1), and with failing to drive in a single lane. This stemmed from the Appellee's arrest on April 19, 1989.

On July 20, 1989, counsel for the Appellee filed with the trial court a Motion For Dismissal Of Charges And Discharge.

On July 21, 1989, the trial court held a hearing during which counsel for the Appellee moved for Speedy Trial discharge. The 21st, being the 92nd day after Appellee's arrest. The court denied the Appellee's motion. Initially the court proposed a July 31st, trial date. The Appellant objected, arguing that his witnesses were on vacation and the arresting officer won't be back until the 3rd of August. Over the Appellant's objection, the court set the trial for August 3rd.

On August 3rd, counsel for the Appellee, in open court, renewed the Motion For Speedy Trial Discharge. The trial court hearing discussion from both sides, took a continuance against the Appellee, reserved ruling on the question and ordered a transcript of the July 21st hearing.

After reviewing the transcripts the trial court entered an Order on September 27, 1989, granting the Appellee's Motion For Discharge. On October 31, 1989, the Appellant filed a Notice of Appeal.

## OPINION

At issue is whether or not counsel for the Appellee acquiesced to the trial date thus waiving any claims under the speedy trial rule. *Florida Rules of Criminal Procedure* 3.191(a)(1), provides in part:

> Except as otherwise provided by this rule, and subject to the limitations imposed under (b)(1) and (b)(2), every person charged with a crime by indictment or information shall be brought to trial within 90 days if the crime charged be a misdemeanor, or 175 days if the crime charged is a felony. If the trial is not commenced within these time periods, the defendant shall be entitled to the appropriate remedy as set forth in section (i) below.

Section (i)(3) provides:

> No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day

4

period through no fault of the defendant, the defendant shall be forever discharged from the crime.

The Appellant argues that the Appellee during the July 21st, hearing acquiesced to the trial date given by the court and thus waived any right to Speedy Trial discharge. This Court disagrees. The Appellee was arrested on April 19, 1989. There is no indication from the record that the Appellee caused any delay in the proceedings; no request for continuances, being unavailable etc., and as such should have been brought to trial within the ninety days set out in the rule. The ninetieth day was on July 18th. However, as stated above the state by statute has been given an additional 15 days to bring the defendant to trial before the court discharges a defendant. Five days after filing of the motion to discharge within which to hold a hearing on the motion and 10 days after such hearing to bring the defendant to trial. In this case, although the hearing on the motion was held on July 21st, the trial date was set for August 3rd, some 13 days later. The Appellee's right to speedy trial had been violated.

As the Appellant argues, if the Appellee acquiesced in any manner to the setting of the trial date beyond the speedy trial time, she would have waived any reliance on that claim. See *Smith v State,* 482 So.2d 521 (2d DCA 1986); *State v Swint,* 464 So.2d 242 (2d DCA 1985); *State v Nelson,* 320 So.2d 835 (1975). This Court fails to find in the record any evidence of acquiescence, on the part of the Appellee, to the setting of the trial date past the 90 day limitation along with the 15 day extension provided in the rules. The Appellant relies on the following colloquy as evidence of the defense counsel's acquiescence:

THE COURT: It can't be on the 7th (August). I'll have to move it up, 'cause I won't be able to do it on the 7th. I'll move it up to— you're all ready, right? How about next Thursday?

MR. DERMER (State Attorney): Next Thursday, no.

THE COURT: No? I have here set—what I can do, I just have Roland Jock. I'll put it on Monday the 31st of July.

MR. DERMER: I have a problem, Your Honor, because my witnesses are on vacation. The arresting officer will be back on the 3rd . . .

THE COURT: See if you can get another Judge. I wanted to put it on the 31st, you can't have your witnesses. August 3rd, Case Number 89-10721MM10.

MR. ROBBINS (defense counsel): Is that set for trial?

THE COURT: Yes.

MR. DERMER: I don't know if my witnesses will be back on the 3rd or are on vacation through the 3rd.

THE COURT: They will be back on the 4th.

MR. DERMER: I'll try to get a Judge on Friday, if need be. I guess some of them do their dockets on Monday.

THE COURT: I don't know that. Mr. Robbins, have her here at 9:00 o'clock on this date, August the 3rd in the courtroom . . .

MR. ROBBINS: We'll go August 3rd, 9:00 o'clock. (R:5-6)

At the most the colloquy shows that defense counsel had some question about whether or not a trial was to be had. This does not constitute an agreement to a trial date beyond speedy trial. See *Swint,* supra at 143.

This finding is buttressed by the fact that the setting of the trial date beyond the additional 15 days granted to the state in which to bring the defendant to trial was caused by the State.

The State objected to the earlier trial date suggested by the trial court, that of July 31st, and even objected to the August 3rd date arguing that their witnesses were on vacation and as such were unavailable.

Accordingly, this Court finds that there was no acquiescence on the part of the Appellee to the setting of the trial date beyond speedy trial. This Court further finds that this delay was caused solely by the Appellant and its own objection to the earlier trial date suggested by the trial court and thereby upholds the decision of the Trial Court discharging the Appellee from further prosecution.

DONE AND ORDERED this 14th day of January, 1991 in Fort Lauderdale, Broward County, Florida.