PATTERSON, Judge.
Leo Zarifian, pro se, appeals his conviction and sentence for attempted second-degree murder. He raises fourteen points on appeal. Several of these points could be worthy of consideration; however, we limit our discussion to only the issue of speedy trial which is determinative of the case.
Zarifian, a resident unit owner of a condominium in Hillsborough County, was retained by the condominium association on a part-time basis to patrol the grounds during part of the nighttime hours and to keep a log of his observations. Zarifian provided this written record to the condominium managers and directors on a regular basis.
In the early morning hours of July 12, 1987, Zarifian encountered Richard Pinna *926 on the condominium property. Exactly what first occurred is in great dispute; however, the end result of Zarifian shooting Pinna three times is undisputed. Zari-fian also received a gunshot wound to his hand and was arrested at University Community Hospital at approximately 2:20 a.m.
On August 21, 1987, the state charged Zarifian by information with aggravated battery. On October 6, 1987, the state filed an amended information charging attempted second-degree murder. Trial was set for October 26, 1987. At a pre-trial conference on October 23, the state requested and received a continuance, the assistant state attorney saying “that the continuance would be counted against the State, not against the Defendant.” Trial was reset for December 14, 1987. On December 14, the state requested a second continuance citing as grounds: (1) the assigned prosecutor was trying a week-long racketeering case, and (2) a report of one of Zarifian’s expert witnesses would not be available until December 16.[1] The trial court granted the motion and reset trial for February 15, 1988. Zarifian objected that the new trial date was beyond the period of speedy trial.
On January 7, 1988, Zarifian filed a motion for discharge pursuant to Florida Rule of Criminal Procedure 3.191(a)(1). On January 15, 1988, the motion was heard and denied. The trial judge did not articulate the reason for the denial. In such cases, an appellate court must affirm the denial if the ruling is supported by any basis in the record. Zirkle v. State, 410 So.2d 948 (Fla. 3d DCA), rev. denied, 418 So.2d 1281 (1982). We have scrutinized the record and we can find no delay chargeable to the defendant. On December 14, 1987, twenty days remained in the speedy trial period, sufficient time to accommodate the deposition of Zarifian’s expert and to commence trial in a case fully prepared by both sides. The record supports the conclusion that the December 14 continuance was granted for reasons personal to the prosecutor and to the court. See State v. Freeman, 520 So.2d 110 (Fla. 2d DCA 1988) (crowded court docket does not excuse compliance with the speedy trial rule). Zarifian was entitled to discharge.
Reversed and remanded with directions to discharge the defendant.
RYDER, A.C.J., and CAMPBELL, J., concur.

. Zarifian represented that the expert's work had been completed on December 13, 1987. Later, at the hearing on the motion for discharge, Zarifian informed the court that the' expert told him that he did not have a report.