605 So.2d 516 (1992)
Luis C. RIVAS, Petitioner,
v.
Honorable Henry L. OPPENBORN, Jr., Respondent.
No. 92-80.
District Court of Appeal of Florida, Third District.
September 8, 1992.
*517 Miguel A. Suarez, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen. and Joan L. Greenberg, Asst. Atty. Gen., for respondent.
Before SCHWARTZ, C.J., and HUBBART and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
In our view, defense counsel did nothing more than silently fail to object to the setting of the trial date beyond the speedy trial time.[1] It is, however, the law that
[m]ere silence of the defendant or defense counsel at the proceeding wherein defendant's trial date is set beyond the speedy trial period is not an effective waiver. State v. Ansley, 349 So.2d 837 (Fla. 1st DCA 1977), cert. denied, 359 So.2d 1220 (Fla. 1978).
State v. Swint, 464 So.2d 242, 243 (Fla. 2d DCA 1985). See Stuart v. State, 360 So.2d 406 (Fla. 1978). Since it is agreed that the speedy trial time, including the fifteen-day window provided by Florida Rule of Criminal Procedure 3.191(i)(3) has lapsed without trial, the absence of an effective waiver requires that the trial court be prohibited from proceeding further on the substantive charge.[2]
Prohibition granted.
GERSTEN, J., concurs.
HUBBART, Judge (dissenting).
I must respectfully dissent. I would deny the petition for a writ of prohibition on the ground that the defendant was not available for trial during the relevant speedy trial time period under rule 3.191(e), Florida Rules of Criminal Procedure in that defendant's counsel was not ready for trial on the date trial was scheduled in the case  and that, accordingly, the trial court correctly denied the defendant's motion for discharge under rule 3.191(d)(3)(iii).
On October 30, 1991, the defendant filed a demand for speedy trial on a felony charge of grand theft. This meant that the state was required to try the defendant within fifty (50) days thereafter, to wit: no later than December 19, 1991. Fla. R.Crim.P. 3.191(a)(2), (4). On December 10, 1991, the case came on for trial in which the defense announced ready. (TR. 5, 12/10/91). The court thereupon stated, "I will take a court continuance and I will report it to back-up for trial Monday morning" (TR. 6, 12/10/91); this meant that another judge in the "back-up" trial division would try this case on December 16, 1991. Defense counsel, however, protested *518 and stated that he was ready for trial today, but that, in effect, he was unavailable for trial on December 16, 1991 because, "I have had a vacation planned and have had arrangements to leave on vacation on [December] 13th until January the 6th. An extensive vacation that I have not taken in many years with the family." (TR. 6, 12/10/91). The state also objected to the court's continuance and requested that, "if counsel is ready to go to trial, we be put to back-up this afternoon." (TR. 7, 12/10/91). The court stated that he was also due to go on a vacation, [thus the need to refer the case to the "back-up" division], but that, "I can pick your jury this afternoon. And then turn [the trial] over to back-up ... Monday... ." (TR. 7, 12/10/91). Again, defense counsel protested and asked for the court's consideration concerning his upcoming vacation beginning December 13, 1991, "Of course, I respectfully admit to the [c]ourt, taking advantage of a vacation, hopefully, the [c]ourt will have the same reciprocal respect for my vacation." (TR. 8, 12/10/91). After some further discussion, the court tried to accommodate defense counsel by ruling: "be prepared to pick a jury this afternoon, if I can get someone else to try the case, be prepared to present evidence this afternoon and jury selection. If I can't get someone else to try it, I'm going to send it to back-up for next Monday." (TR. 8-9). Thereupon, other matters were taken up in the trial calendar, following which the case was again called, and the court finalized the trial date out of accommodation for defense counsel's December 13, 1991  January 6, 1992 vacation, by setting the trial for January 6, 1992. "I'm going to set the case for January the 6th, and I'm going to set the case for January the 6th, and I'm going on vacation and you can go on vacation." (TR. 9, 12/10/91).
I cannot agree with the court that defense counsel silently sat by while the trial court set a trial date beyond the speedy trial time. To the contrary, defense counsel took an active role in the determination of a trial date and strongly implored the court not to set the case, as it originally did, during his long-planned vacation with his family from December 13, 1991  January 6, 1992. Originally, the court had set the case for Monday, December 16, 1991, which defense counsel plainly stated he would not be available for because of his family vacation. To accommodate defense counsel, the court set jury selection for that afternoon and, if possible, the taking of testimony as well, if the court could get another judge to try the case. When that was apparently not possible, the court still accommodated defense counsel's vacation plans by continuing the case to January 6, 1992, when counsel would be back from vacation; clearly, all of this was done to accommodated defense counsel's vacation plans, not the court's. Contrary to this court's determination, then, I would treat defense counsel's entreaties as the functional equivalent of a motion for continuance from the December 16, 1991 trial date which the court initially set in the case; beyond dispute, defense counsel was not available to try the case on that date as he repeatedly stated to the court. Indeed, the trial court specifically so ruled in denying the defendant's motion for discharge on January 8, 1992, namely, "the [d]efendant was not available for trial before the backup [c]ourt on the Monday following December the 10th because the [a]ttorney was to be on vacation." (TR. 11, 1/8/92).
In sum, the trial court, which carries an extremely crowded trial calendar, tried its best to be accommodating to defense counsel and to set a trial date so as not to conflict with counsel's vacation plans. If the court had been "hard-nosed," it could have stuck with the December 16, 1991 trial date and forced counsel to make a formal motion for continuance. The court, however, commendably chose to manage its calendar in a manner which was accommodating to all; for this courtesy, we are told that the defendant's speedy trial rights have somehow been violated. I disagree. The trial court properly denied the defendant's motion for discharge because counsel, without dispute, was not available for trial on December 16, 1991, the trial date which the court had originally set in this case. See Blackstock v. Newman, 461 So.2d 1021 (Fla. 3d DCA 1985); J.B. v. *519 Korda, 436 So.2d 1109 (Fla. 4th DCA 1983); State v. Brown, 412 So.2d 448 (Fla. 5th DCA 1982); State v. Brown, 394 So.2d 218 (Fla. 5th DCA 1981).
NOTES
[1] We cannot agree with the state's view that defense counsel's statement that he planned to be away on a date originally suggested by the trial court amounted to a functional equivalent of a motion for continuance and thus established that the defendant was not available for trial during the pertinent period. This is so because the trial court thereafter stated that, despite those plans, he would begin the trial later that same day and only after that, specifically without the agreement of defense counsel, mistakenly reset the case beyond the speedy trial time so that the court (as well as the defense lawyer) could go on vacation.
[2] This opinion has no effect on Rivas's pending probation hearing, including the reliance on the substantive charge as a violation. To the extent that the present proceeding seeks any relief with regard to the probation case, it is denied.