CORRECTED OPINION

PER CURIAM.
Our previous opinion in this case, reported at 20 Fla.L. Weekly D222, 1995 WL 13431 (Fla. 1st DCA Jan. 17, 1995), is hereby withdrawn and the following substituted in its place.
Appellant, the defendant in a criminal prosecution in Duval County Court, appeals a circuit court order denying his petition for writ of prohibition. This case involves application of Florida’s speedy trial rule. Fla. R.Crim.P. 3.191 (1992). We find that the petition for writ of prohibition should have been granted, and reverse.
On July 25, 1992, appellant was taken into custody and charged with driving under the *761 influence. The arrest began the 90 day speedy trial period of Rule 3.191(a). On August 10, 1992, he entered a plea of not guilty. Pre-trial was held September 21, 1992, and jury selection was set for November 2, 1992, after expiration of the speedy trial window. On that date the defendant filed a motion to dismiss for double jeopardy and a motion for discharge. A hearing on the motions was set for November 16, 1992, and disposition on the motions was set for December 1,1992. Prior to the expiration of the speedy trial requirement, Judge Kriedler held an informal conference with defense attorney Randall Silverberg and Assistant State Attorney Chris Shakib. The parties agree that Judge Kriedler indicated he considered the filing of the motion to dismiss on double jeopardy grounds to be a waiver of speedy trial rights. The attorneys did not reach agreement between themselves, with defense counsel Silverberg denying he agreed to any such waiver, and Assistant State Attorney Shakib recalling that Silver-berg did not indicate to Judge Kriedler that he was not waiving his right to speedy trial. The lawyers did agree that Judge Kriedler preferred to hear all pending double jeopardy motions on his calendar at the same time, and for judicial expediency passed the Underwood case until a later date for trial.
At the November 16, 1992 hearing held 14 days after appellant’s motion for discharge was filed, Judge Kriedler heard the double jeopardy motion but did not hear the motion for discharge. He resigned from office on November 30, 1992 without ruling on Underwood’s pending motions, including his motion for discharge due to speedy trial violations filed 28 days earlier.
On December 1, 1992, Judge Sharon Tanner presided over Judge Kriedler’s division. Attorney Jefferson W. Morrow, who was substituting for defense counsel to request a pass date on pending motions, executed a written waiver of speedy trial at Judge Tanner’s request. Morrow later said that he was unaware of Underwood’s pending motion for discharge due to the speedy trial rule.
Judge Kriedler was eventually succeeded by Judge Jean Johnson, the named respondent in Underwood’s petition for writ of prohibition. On February 12,1992, Judge Johnson heard anew the pending double jeopardy motions. In March 1993, she heard argument on the motion for discharge. At the hearing on the motion for discharge, appellant argued that Rule 3.191 was self-executing, that no waiver of speedy trial had been filed with the court nor had an extension been provided, and therefore he was entitled to discharge. The state argued that defense counsel was well aware of the agreement between the parties and could not demand both a speedy trial and an immediate hearing on his motion to dismiss. Judge Johnson, in an order signed on March 8, 1993 and filed on March 26, 1993, denied the motion for discharge and set the case for trial.
Before jury selection began, appellant filed an Emergency Petition for Writ of Prohibition to prevent Judge Johnson and other Duval County Court judges from criminally prosecuting him for DUI in violation of his speedy trial rights. On May 19,1993, Circuit Judge Robert M. Foster entered an order denying the emergency petition for writ of prohibition. The order articulates no reason for the denial of the petition. Accordingly, this court must determine if the ruling is supported by any basis in the record.
Appellant filed a motion for discharge based on the speedy trial rule on November 2, 1992. Under the 1992 version of Rule 3.191(i)(3), the state had the burden of scheduling a hearing on the motion to discharge within five days. Rule 3.191(i)(3) provided, “If the defendant is not brought to trial within the 10 day period [beginning with the date of the order on the motion] through no fault of the defendant, the defendant shall be forever discharged from the crime.” Fla. R.Crim.P. 3.191(i)(3) (1992). Thus, trial must commence, at the most, by the fifteenth day after the motion is filed. The committee note to the 1984 amendment to the rule clarifies its intent: “The intent of (i)(4) [ (i)(3) in 1992 and now (p)(3) ] is to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion to discharge. This time begins with the filing of the motion and continues regardless of whether the judge hears the motion.” See Massey v. Graziano, *762 564 So.2d 287 (Fla. 5th DCA 1990); Gordon v. Leffler ex rel. Seminole County, 495 So.2d 200 (Fla. 5th DCA 1986), rev. denied, 503 So.2d 327 (Fla.1987); Ariza v. Cycmanick, 548 So.2d 304 (Fla. 5th DCA 1989).
The attorney general, on behalf of Judge Johnson, argues nonetheless that the petition was properly denied because it relied on challenges to factual determinations made by Judge Johnson in denying the motion for discharge, and a writ of prohibition may not be used to challenge such factual determinations. While we agree with the general proposition, we must find in this case the petition challenges the legal rather than the factual conclusions in Judge Johnson’s order. The order denying discharge does not provide a legal basis to support the denial of the petition. The order denied the motion for discharge because (1) the court file indicates a conclusion that the court and the state reasonably believed that a speedy trial was waived based on the filing of a double jeopardy motion and a conference with the attorneys; (2) Judge Kriedler wanted to hear all double jeopardy motions on his calendar at the same time and for judicial expediency was therefore passing the Underwood case until a later date; (3) Judge Kriedler’s severe illness and earlier retirement constituted extenuating circumstances which prevented the court from trying the Underwood case; and (4) appellant did not argue that he had been prejudiced by the delay.
The Order on Motion for Discharges does not establish that a waiver occurred. An extension or waiver of the speedy trial period must be in writing, signed by proper person or counsel, or be “upon stipulation announced to the court” under Rule 3.191(d)(2). State v. Swint, 464 So.2d 242, 243 (Fla. 2d DCA 1985); see also Pouncy v. State, 296 So.2d 625, 627 (Fla. 3d DCA 1974) (speedy trial time is tolled due to hearings on pre-trial motions only by written or recorded order of the court). Mere silence of the defendant or defense counsel at a proceeding wherein defendant’s trial date is set beyond the speedy trial period is not an effective waiver. Stuart v. State, 360 So.2d 406 (Fla. 1978); Rivas v. Oppenborn, 605 So.2d 516 (Fla. 3d DCA 1992); State v. Swint, supra at 243; State v. Ansley, 349 So.2d 837 (Fla. 1st DCA 1977), cert. denied, 359 So.2d 1220 (Fla. 1978). Even an off-the-record agreement by defense counsel to a trial date beyond the speedy trial period is not a valid waiver. Swint. Here, even under the recitation of facts in the order, no conclusion may be reached that defense counsel agreed to waive the right to speedy trial. The order indicates only that he, like defense counsel in the above eases, was silent and did not object to the setting of the trial after the speedy trial period. Moreover, no reason existed for the trial court to determine that the double jeopardy motion was inconsistent with the motion for discharge since the double jeopardy motion could have been heard within the 14-day period. Although the trial court wanted to hear the double jeopardy motion with other pending double jeopardy motions on the same day, delays due to reasons personal to the court and crowded dockets do not excuse compliance with the speedy trial rule. Fla. R.Crim.P. 3.191(f) (1992) [now 3.191(1) ] (“exceptional circumstances shall not include general congestion of the court docket....”); Zarifian v. State, 581 So.2d 925 (Fla. 2d DCA 1991); State v. Freeman, 520 So.2d 110 (Fla. 2d DCA 1988).
The Order on Motion to Discharge also cited extenuating circumstances justifying the delay based on Judge Kriedler’s illness and earlier retirement. However, although the court may extend the speedy trial period based on exceptional circumstances, the court can do so only by written or recorded order before the period sought to be extended has expired. Fla.R.Crim.P. 3.191(d)(2) (1992) [now amended in 3.191(i) ] (“The periods of time established by this Rule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured. Such an extension may be procured: (i) upon stipulation, announced to the court or signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, or (ii) by written or recorded order of the court on the court’s own motion or motion by either party in exceptional circumstances ..., or (iii) by written or recorded order of the court with good cause shown by *763 the accused, or (iv) by written or recorded order of the court for a period of reasonable and necessary delay resulting from proceedings....”); Stuart, supra; Pouncy, supra. Here, the record reveals no written or recorded order for extension of time. Judge Johnson’s determination of extenuating circumstances occurred after the expiration of time had passed and therefore did not preclude discharge. Durrance v. Rudd, 398 So.2d 1012 (Fla. 1st DCA 1981) (court cannot retroactively hold that its earlier continuance was for exceptional circumstances after speedy trial time has run); see also Muller v. State, 387 So.2d 1037, 1039 (Fla. 2d DCA 1980) (“In the absence of an order of extension entered by the trial court during the speedy trial period, we will not find that the time was extended, no matter how compelling or exceptional the circumstances may appear”). Finally, we must reject the state’s argument that appellant has not shown prejudice, since the burden is on the state, and not the defendant, in these circumstances.
REVERSED with directions that the writ of prohibition be granted.
ZEHMER, C.J., and KAHN and VAN NORTWICK, JJ., concur.