659 So.2d 1322 (1995)
The STATE of Florida, Appellant,
v.
Randy THOMAS, Appellee.
No. 95-405.
District Court of Appeal of Florida, Third District.
September 6, 1995.
*1323 Robert A. Butterworth, Attorney General, and Joni Braunstein, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellee.
Before BASKIN, JORGENSON and COPE, JJ.
PER CURIAM.
We affirm the order granting defendant's motion for discharge for violation of the speedy trial rule. Defendant was not brought to trial within the time required by Florida Rule of Criminal Procedure 3.191(p). "A defendant not brought to trial within the ten-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime." Fla.R.Crim.P. 3.191(p)(3). See State v. Koch, 605 So.2d 519 (Fla. 3d DCA 1992).
Affirmed.
BASKIN and JORGENSON, JJ., concur.
COPE, Judge (specially concurring).
Because of this court's decision in Rivas v. Oppenborn, 605 So.2d 516 (Fla. 3d DCA 1992), I must concur. However, Rivas (and its progeny) should be revisited.
The defendant in this case filed a notice of expiration of the speedy trial time period on Friday, October 28, 1994. A hearing was held on that notice the following Monday, October 31. The court set trial for Monday, November 14, 1994. This was the fifteenth day after October 28, 1994.[1] This date was chosen on the theory that Florida Rule of Criminal Procedure 3.191(p) allows an automatic 15-day window after the filing of the notice of expiration in which to bring the case to trial. For this proposition the State relies on a committee note to Rule 3.191 which indicates that the intent "is to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge."[2]
In reality, the text of Florida Rule of Criminal Procedure 3.191(p)(3) requires a hearing on the notice of expiration within five days. The court may then set the case for trial within ten days after the date of the hearing. Id. Consequently, the case had to be set for trial within ten days after October 31, and the speedy trial period elapsed on November 10. On Monday, November 14, the defendant announced that the speedy trial period had already expired. The trial court granted the defendant's motion for discharge.
The trial court's interpretation of the rule was correct. The text of the rule controls over the comment. The rule provides for a five-day period to have the hearing on the notice of expiration, followed by a ten-day period to take the case to trial. In some cases, like the present one, the total time from the filing of the notice of expiration to the last day of the window period will be less than fifteen days. In other cases, it will be more than fifteen days because the calculation of the initial five-day period excludes intervening weekends and holidays. See Fla. R.Crim.P. 3.040.
Were it not for existing precedent, however, we should reverse because there was no defense objection to the setting of the trial *1324 on November 14, 1994. This is a classic "gotcha" litigation tactic. See Salcedo v. Associacion Cubana, Inc., 368 So.2d 1337, 1339 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla. 1979). The purpose of the speedy trial rule is to assure a speedy trial, not a speedy discharge. If the defendant disagreed with the calculation of the window period in this case, the defendant was obliged to make a contemporaneous objection. Had he done so, obviously the trial would have been set on November 10, not November 14, and the defendant would have received the speedy trial he says he desired. There is no reason, much less a good reason, to relieve the defendant of an obligation to make a contemporaneous objection in this context, just as we require a defendant to make a contemporaneous objection to virtually every other trial error. See generally Davis v. State, ___ So.2d ___, ___-___ [1995 WL 424172] 20 Fla. L. Weekly S362, S363-64 (Fla. July 20, 1995) (contemporaneous objection rule "prohibits trial counsel from deliberately allowing known errors to go uncorrected.").
The window-period rule provides that "[a] defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime." Fla. R.Crim.P. 3.191(p)(3) (emphasis added). From a commonsense standpoint, it is precisely this defendant's fault that he was not brought to trial within the window period: he failed to object to the trial date at a time when the trial court could have done something about it. Rivas allows such conduct, however.[3] Consequently, I am compelled to vote for affirmance, but note that the law in this area should be changed.
NOTES
[1] Since the 15th day from October 28, 1994 was Saturday, November 12, 1994, the 15-day period extended through Monday, November 14, 1994.
[2] Fla.R.Crim.P. 3.191, Committee Note to 1984 Amendment. The committee note refers to Rule 3.191(i)(4), which has since been recodified as Rule 3.191(p)(3).
[3] The Rivas opinion intimates that this result is required by Stuart v. State, 360 So.2d 406 (Fla. 1978). Stuart was decided before the window period was added to Rule 3.191. The "no fault of the defendant" phrase was added when the window period was created. The Florida Bar Re: Amendment to Rules  Criminal Procedure, 462 So.2d 386, 388 (Fla. 1984). The purpose of the window period was to change prior law by ameliorating the draconian remedy of automatic dismissal in felony cases including, I would suggest, the "gotcha" tactics permitted by earlier speedy trial decisions. It is unsound to import pre-window period precedent into the window-period rule.