864 So.2d 1167 (2004)
Paul Henry HAJAL, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D03-2677.
District Court of Appeal of Florida, Fifth District.
January 2, 2004.
Rehearing Denied January 23, 2004.
*1168 Jack R. Maro and J. Melanie Slaughter, Ocala, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Respondent.
TORPY, J.
Petitioner seeks a writ of prohibition on speedy trial grounds on three pending criminal cases in which Petitioner was charged with drug-related offenses. We grant the petition, issue the writ, and remand this cause with instructions that Petitioner be discharged.[1]
On June 27, 2003, Petitioner, who is facing several felony drug related charges,[2] filed a notice of expiration of speedy trial after the 175-day speedy trial period had expired. See Fla. R.Crim. P. 3.191(h). On July 1, 2003, during the 15-day recapture period, the trial court conducted a hearing on the notice. See Fla. R.Crim. P. 3.191(p). The court found that, based on custom in Marion County, defense counsel's notations on status reports were tantamount to defense continuance requests, which in effect waived Petitioner's speedy trial right. Alternatively, the court found that because a material witness, a federal drug agent who was on vacation, would not be available during the recapture period, exceptional circumstances justified the extension of the speedy trial period.
Petitioner filed a motion for discharge after the expiration of the 15-day recapture period, and a hearing was held on July 31, 2003. At that hearing, the court reiterated its prior findings and scheduled Petitioner's cases for trial the week of August 18, 2003. The instant petition for writ of prohibition was subsequently filed, and the lower court proceedings were stayed.
The court's determination that the defense had previously requested continuances was based on written status reports of defense counsel that had been faxed to the clerk in lieu of making personal appearances at status conferences. Defense counsel's practice was to fax these status reports, and then to send an associate to appear at the status conference. The first status report was faxed on February 7, *1169 2003, referred to Petitioner's three cases by number and name, and stated: "first time up; awaiting discovery" or "first time up; discovery just received." The next status report was faxed on March 21, 2003. Again the notations read: "discovery ongoing" or "awaiting discovery." The next status report was faxed on May 2, 2003. Again the notation for each case read: "awaiting additional discovery from state." One final status report was faxed on June 16, 2003. This one again listed Petitioner's three cases, and noted that discovery was ongoing.
Other than these status reports, nothing in the record refutes Petitioner's representation (contained in an affidavit filed in the lower court) that defense counsel never sought a continuance. Likewise, nothing controverts Petitioner's representation that there was no discussion about Petitioner's cases at the status conferences. Moreover, the court reporters found no mention of Petitioner's cases in the official record of the status conferences.
The trial judge concluded that the status reports sufficed to manifest a defense request for continuance under the "custom and practice" in Marion County. Specifically, that county's "custom and practice" at status conferences is that defense counsel has three options: (1) set the case for trial, (2) schedule a date for change of plea, or (3) request a continuance. Because counsel's status report did not announce that Petitioner was ready for trial or to change his plea, the court inferred the last remaining option, a continuance with waiver of speedy trial right. We do not agree that the court can infer a request for continuance and waiver of Petitioner's speedy trial right on this record, even given the "custom."
Florida Rule of Criminal Procedure 3.190(g)(2) states that the court may grant a continuance on motion of the state or a defendant or on its own motion, in its discretion for good cause shown. If a motion for continuance is sought by the state or a defendant, the motion for continuance shall be accompanied by a certificate of the movant's counsel that the motion is made in good faith. See Fla. R.Crim. P. 3.190(g)(4). Further, Florida Rule of Judicial Administration 2.085(d) states that all motions for continuance shall be in writing, unless made at trial, and shall be heard and resolved by a judge. Given the formal requirements of the rules governing continuances, an inference that a continuance had been requested based simply on the failure of counsel to expressly choose between three options is not permitted.
Even if a continuance request may be properly inferred on this record, it does not necessarily follow that petitioner's right to a speedy trial was waived. A continuance can be charged to the state, without resulting in a waiver of speedy trial, if the state has committed a discovery violation that requires the postponement of trial. See e.g. Vega v. State, 778 So.2d 505 (Fla. 3d DCA 2001). Therefore, to find a waiver of the right to a speedy trial on this record, the court would have had to conclude that the continuance should be charged to the Petitioner or that Petitioner's counsel waived Petitioner's speedy trial right, but there is nothing in this record to support either conclusion. See Fla. R.Crim. P. 3.191(i) (waiver of speedy trial period must be in writing, signed by counsel, or be "upon stipulation announced to the court"); Dorsey v. State, 847 So.2d 587 (Fla. 5th DCA 2003) (defendant did not request a continuance or waive speedy trial by asking for additional time to attack the sufficiency of the information); Underwood v. Johnson, 651 So.2d 760 (Fla. 1st DCA 1995) (waiver must be in writing or announced in open court); Lasker v. Parker, 513 So.2d 1374 *1170 (Fla. 2d DCA 1987) (some record must exist to support a finding that counsel did intend a waiver of speedy trial or that he acquiesced in a trial date beyond the speedy trial limit); Black v. State, 468 So.2d 457 (Fla. 3d DCA 1985) (a state attorney's "understanding" that a defense continuance was requested is insufficient evidence of a waiver of speedy trial); State v. Swint, 464 So.2d 242 (Fla. 2d DCA 1985) (waiver of speedy trial cannot be inferred from defense silence or off-the-record agreement).
We conclude, therefore, that the court erred in its determination that Petitioner had waived his right to a speedy trial. We must next consider the court's determination that exceptional circumstances existed upon which to base an extension of the speedy trial deadline.
At the hearing on the notice of expiration of speedy trial, the court determined that a material witness would not be available during the recapture period. The court's determination was based upon representations by the prosecutor that the witness, Special Agent Gary Sams, a federal drug enforcement agent, was on vacation. The court asked the prosecutor whether Agent Sams was necessary to the case, and the assistant state attorney answered, "I asked Detective Gold is Agent Sams necessary to this case? And DetectiveAgent Gold advised me that he was. And that is all I can represent to the court." It was further represented that Agent Sams would be unavailable for trial until July 23, but there was no indication as to where he went on vacation, or whether he could be contacted and brought back for trial. The prosecutor thereafter informed the court that Agent Sams was not a material witness as to one of Petitioner's cases, Case No. 02-4341, charging him with possession of cannabis with intent to sell. Based upon these representations, the trial court concluded that Agent Sams was a material witness whose absence was unforeseeable and unavoidable.
At the second hearing on the motion for discharge, which occurred after the expiration of the 15-day recapture period, Agent Sams, back from vacation, testified that he had been part of the surveillance team investigating petitioner. Agent Sams stated that if the case were called for trial he would be able to testify that he participated in almost all of the surveillance in regards to the wiretap, and would testify as to investigations he conducted involving telephone toll records involving Petitioner and others over a two-year period of time. Agent Sams would also be able to provide testimony about the identification of the south Florida source of supply for Petitioner, which was identified by the drug enforcement administration prior to any involvement by the sheriff's department. Agent Sams further testified that he went to Franklin, Texas, on vacation, leaving on June 21 and returning to work on July 24. When asked whether anyone ever contacted him in Texas and asked if he could fly back for the trial, Agent Sams answered, "No."
Unavailability of a material witness is a basis for extending the speedy trial deadline provided that the absence of the witness was both unforeseeable and unavoidable. Fla. R.Crim. P. 3.191(l). However, the burden is on the state to establish these grounds no later than the conclusion of the recapture period. See Brown v. State, 715 So.2d 241 (Fla.1998). Here, the state made an insufficient showing on each of the three elements at the first hearing. Furthermore, even assuming that it was not too late to make the showing at the second hearing, the state still failed to show that Agent Sam's absence, due to vacation, was unavoidable and unforeseeable. Cf Valle v. State, 444 *1171 So.2d 534 (Fla. 3d DCA 1984) (witness' early departure for vacation prior to the beginning of trial was unforeseeable, and therefore constituted an exceptional circumstance). Because nothing in this record established that the state was unaware of Agent Sams' vacation plans, or that he changed his vacation plans at the last moment without giving the state adequate notice, the state failed to establish that his absence was good grounds for extending the speedy trial deadline.
PETITION GRANTED; REMANDED.
SAWAYA, C.J., and MONACO, J., concur.
NOTES
[1] Prohibition is available as a remedy. Mercer v. Musleh, 682 So.2d 570 (Fla. 5th DCA 1996); Underwood v. Johnson, 651 So.2d 760 (Fla. 1st DCA 1995); Lasker v. Parker, 513 So.2d 1374 (Fla. 2d DCA 1987).
[2] In Marion County Case No. 02-4340, Petitioner is charged with a continuing criminal enterprise. In Case No. 02-4341, Petitioner is charged with possession of cannabis with intent to sell. In Case No. 02-4342, Petitioner is charged with conspiracy to traffic in MDMA.